THE LOWER SALT FORK DRAINAGE DISTRICT, Appellant, *vs.* ELBERT S. SMITH, Appellee.

*Opinion filed December 17, 1912.*

1. APPEALS AND ERRORS—*an appeal can be prosecuted only when right is given by statute.* An appeal can be prosecuted only when the right to such appeal is given by statute.

2. SAME—*extent of right to appeal from judgment of justice of peace.* Section 1 of article 10 of the act concerning justices of the peace and constables gives the right of appeal from judgments of justices of the peace to the circuit court in all cases except upon judgments confessed, and this language is broad enough to include any civil proceeding to enforce a private right, though in cases of special statutory proceedings the special statute will govern as to the existence of the right and the method of prosecuting the appeal, if it contains any provisions on such subjects.

3. SAME—*an appeal lies from judgment of justice of peace annexing lands to drainage district.* An appeal lies to the circuit court from a judgment of a justice of the peace annexing lands to a drainage district, upon a complaint filed by the district under section 58 of the Levee act, even though no provision is made for an appeal in such act, as section 1 of article 10 of the act concerning justices and constables applies to such proceeding.

4. SAME—*proceeding before justice of peace to annex land to district is a "case."* Under section 58 of the Levee act, if the proceeding begun by a drainage district before a justice of the peace to annex lands to the district is decided in favor of the district, the justice is required to record a copy of the complaint and of service of the notice, together with his judgment thereon, in his docket, and such proceeding is therefore a "case" within the meaning of the general statute regulating appeals from judgments of justices of the peace.

5. SAME—*usual meaning of the word "case."* The word "case" usually means any state of facts which furnishes occasion for the

exercise of the jurisdiction of a court of justice or any question contested before such a court, although the generality of the words "all cases" may be restricted by the context or general scheme of the instrument in which they are used, to cases of a particular class, only.  (*Moore* v. *Mayfield,* 47 Ill. 167, explained.)

6. SAME—*form of bond for appeal from judgment of a justice of the peace does not govern right of appeal.*  The fact that the form of the bond prescribed in the statute in case of an appeal from a judgment of a justice of the peace is not adapted to a particular case does not determine the right of appeal therein, as the bond must be adapted to the particular case though in substance in the form prescribed.

APPEAL from the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding.

HENRY I. GREEN, and WILLIAM G. PALMER, (O. B. DOBBINS, and H. B. BOYER, of counsel,) for appellant.

ELBERT S. SMITH, and WEBBER & ROTH, for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The Lower Salt Fork Drainage District, which is organized under the Levee act, filed a complaint before a justice of the peace of Champaign county for the purpose of having annexed to the district certain lands lying outside of the district as organized.  A hearing was had and a judgment rendered in favor of the district.  The appellee, an owner of land so sought to be annexed, filed an appeal bond with the justice of the peace and a transcript of the proceedings was transmitted to the circuit court of Champaign county, where the drainage district made a motion to dismiss the appeal for want of jurisdiction to entertain or hear it.  The motion was overruled, and later, the cause being called for trial, the drainage district, standing by its motion, declined to prosecute, and the petition was dismissed for want of prosecution.  The drainage district has appealed, and insists that the circuit court erred in overruling the motion to dismiss the appeal.

The complaint was filed under section 58 of the Levee act, which provides that the justice of the peace shall hear the cause, and if judgment is rendered in favor of the district shall record a copy of the complaint and service of notice thereof, together with his judgment thereon, upon his docket, and such lands shall be deemed a part of such district and shall be assessed as other lands therein. No provision is made for an appeal, and the appeal was taken under the supposed authority of paragraph 115 of chapter 79 of Hurd's Statutes of 1911, which allows appeals from judgments of justices of the peace in all cases except on judgments confessed.

An appeal can be prosecuted only where it is given by statute. (*Drainage Comrs.* v. *Harms,* 238 Ill. 414.) The language of paragraph 115 seems broad enough to cover all cases except the one specifically excepted, and embraces all judgments rendered in civil proceedings which are brought to redress a private injury, whether the jurisdiction exercised is conferred by the same general act which has granted the right of appeal, or by other statutes passed either before or since. (*Edwards* v. *Vandemack,* 13 Ill. 633.) In our judgment this section applies to all judgments rendered in any civil proceeding to enforce a private right, though in cases of special statutory proceedings the special statute will govern as to the method of taking and prosecuting an appeal and as to the existence of a right of appeal, if it contains any provisions on those subjects.

It is insisted, however, that the words "in all cases," in paragraph 115, do not include special statutory proceedings; that the complaint for the purpose of annexing lands did not constitute a "case" within the meaning of that section, and the case of *Moore* v. *Mayfield,* 47 Ill. 167, is cited in support of this contention. In that case a statute provided for the contest of an election before three justices of the peace and an appeal from their judgment to the circuit court, whose decision should be final. It was argued that

the constitutional provision giving the Supreme Court original jurisdiction in certain proceedings and appellate jurisdiction "in all other cases" deprived the legislature of the power to make the judgment of the circuit court final. The court stated that the contest being merely a statutory proceeding for re-canvassing the votes cast at the election and ascertaining the result, the finding of the result was not a judgment in the sense in which that term is used in the law giving the right to prosecute a writ of error, nor was the proceeding by which that result is reached a "case" within the meaning of the constitution, this term referring more properly to an action at law or a suit in chancery. The expression "all cases" sometimes signifies not all cases, but all cases of a particular class, only. The generality of the words may be restrained by the context or the general scheme of the instrument in which they are used. The term is not ordinarily confined to actions at law or suits in equity unless so limited expressly or by the context of the instrument or its general scheme. The usual meaning of a "case" is any state of facts which furnishes occasion for the exercise of the jurisdiction of a court of justice or any question contested before such a court.

A similar question to the one here presented arose in the case of *Chronic* v. *Pugh,* 136 Ill. 539. That was a special statutory proceeding begun before a justice of the peace to obtain the right to construct a tile drain from the plaintiff's land through the defendant's land without the latter's consent. The justice of the peace found for the plaintiff, assessed the defendant's damages at one dollar and the latter appealed to the circuit court. A motion was made to dismiss her appeal. The statute contained no provision about an appeal, but it did direct that a summons should issue from any justice of the peace in the same form and returnable in the same manner as other summons in civil suits, "and proceedings shall be had thereon as in other civil causes before justices of the peace." It was held that the legisla-

ture intended the proceedings to be subject to the same rules of practice as civil suits instituted and prosecuted before justices of the peace, and that the appeal was properly allowed under the statute giving appeals from the judgments of justices of the peace to the circuit court in all cases. Section 58 does not declare, in express words, that proceedings shall be had as in other civil causes before justices of the peace, but it does direct that the justice of the peace shall hear the cause, and if judgment is rendered in favor of said district he shall record a copy of the complaint and service of notice thereof, together with his judgment thereon, upon his docket. This is proceeding according to the same method as in other civil causes, and the end of it all is a judgment fixing the rights of the parties in relation to the subject matter of the controversy. The statute gave a right of appeal from such judgment.

It is urged that the proceeding is *in rem,* and that the statute gives no appeal from the judgment in such case. The owner was required to be notified. He was notified and appeared. He was a party to the proceeding, and there is no reason why he might not appeal. It is suggested that the form of the bond indicates the character of judgment to which the section was intended to apply. The form is a bond conditioned for the payment of a money ·judgment against the obligor, and it is not adapted to this kind of a proceeding. Neither is it adapted to a judgment in replevin nor to a judgment in favor of the party appealing. The statute says the bond shall be, in substance, as provided in the act, and it must be adapted to the particular case.

The circuit court did not err in overruling the motion to dismiss the appeal, and its judgment will be affirmed.

*Judgment affirmed.*