THE PEOPLE *ex rel.* Carrie L. Munn *et al.* Petitioners, *vs.* JOHN P. McGOORTY, Judge, Respondent.

*Opinion filed December 22, 1915.*

1. CONSTITUTIONAL LAW—*the legislature may provide a special method of reviewing a purely statutory proceeding.* There is a marked distinction between the power of the legislature to enact laws providing a method for reviewing judgments in suits at law and the power to provide for the review of a purely statutory proceeding, as in the latter case the legislature may provide a special method of review or may provide that there shall be no review.

2. SAME—*when statute must govern same as though writ was issued thereunder.* In determining whether the circuit court was right in refusing to grant an appeal to the Appellate Court from the decision of the circuit court on a writ of *certiorari* to review the record of the Industrial Board, clause (*f*) of section 19 of the Workmen's Compensation act as amended in 1915 must govern, if valid, notwithstanding the amendment went into effect after the writ of *certiorari* was issued but before the circuit court rendered its decision, as there can be no vested right in any particular remedy or special mode of administering it.

3. SAME—*the legislature may say whether an appeal in a purely statutory proceeding shall lie to the Supreme or Appellate Court.* The legislature has power to specify, by law, whether an appeal in a purely statutory proceeding shall lie to the Appellate Court or the Supreme Court, provided no constitutional provision is thereby violated.

4. SAME—*provision of the Workmen's Compensation act for reviewing a decision is valid.* Clause (*f*) of section 19 of the Workmen's Compensation act, as amended in 1915, (Laws of 1915, p. 410,) which provides for the issuing of a writ of *certiorari* by the circuit court to review a decision of the Industrial Board and

for a writ of error, in certain cases, from the Supreme Court to the circuit court, is not in violation of section 29 of article 6 of the constitution, concerning the uniformity of laws relating to courts and the practice in courts of the same class or grade, as the entire proceeding under the Compensation act is purely statutory.

5. CERTIORARI—*writ of certiorari provided for in Workmen's Compensation act is not the common law writ.* The writ of *certiorari* provided for in clause (*f*) of section 19 of the Workmen's Compensation act of 1915 is not the common law writ of *certiorari* but is a statutory writ, and the right of a party to a review of the judgment of the circuit court thereon is not governed by the general laws concerning appeals from judgments of the circuit court in suits at law or by laws concerning writs of *certiorari* in other special statutory proceedings, but is governed by the provisions of the Workmen's Compensation act, alone.

ORIGINAL petition for *mandamus*.

MOSES, ROSENTHAL & KENNEDY, (WALTER BACHRACH, of counsel,) for petitioners.

HUTTMANN, CLOYES, NETHERTON & CARR, (CLAUDE O. NETHERTON, of counsel,) for respondent.

Mr. JUSTICE CRAIG delivered the opinion of the court:

The petitioners, on motion duly made, were granted leave to file in this court an original petition for a writ of *mandamus* to compel the respondent, a judge of the circuit court of Cook county, to set aside and vacate a certain order entered by him denying the prayer of the petitioners for an appeal to the Appellate Court for the First District from a final order and judgment entered by the respondent while sitting as judge of said circuit court and to compel the respondent to grant said prayer for an appeal to said Appellate Court. Respondent has filed a general demurrer to the petition, and, taking such averments thereof as are well pleaded to be true, it appears from the petition that on November 10, 1914, Conrad Casparson received injuries by inhaling fumes or gases emanating from a fire caused by burning moving picture film scraps, composed of celluloid,

from which he died the day following. Alma M. Casparson, administratrix of the estate of said Conrad Casparson, deceased, brought proceedings before the State Industrial Board under the Workmen's Compensation act of 1913, to recover compensation under said act because of the fatal injuries alleged to have been received by said deceased while in the employ of the petitioners. The industrial board on March 5, 1915, rendered its order or decision against the petitioners and in favor of said Alma M. Casparson, administratrix. On the same day the petitioners filed in the circuit court of Cook county their petition for a writ of *certiorari,* praying that said writ be directed to said industrial board commanding said board to certify and bring into court a full, true and complete transcript of the records and files connected with said proceedings, and that said court, upon the production thereof, examine and inquire into the record of the proceedings and the decision of said board, and if said proceedings were found illegal or unauthorized by law, that the same be quashed and set aside. Later a motion was made by the respondent to said writ of *certiorari* to quash the same, which motion, on hearing, was on August 24, 1915, sustained by the court and the petition for *certiorari* dismissed, and it was further ordered that the decision and award of the industrial board be confirmed, and that Alma M. Casparson, administratrix of the estate of Conrad Casparson, deceased, have and recover from the petitioners $3500,—the amount of the award made by said industrial board,—and that she have execution therefor. From this order the petitioners in the *certiorari* proceeding prayed an appeal to the Appellate Court for the First District, which prayer for an appeal was denied by the court. Thereupon said petitioners moved the court to vacate and set aside the order denying said prayer for an appeal to the Appellate Court, which motion was denied and the petitioners by their counsel excepted. The court thereupon fixed the amount of the bond to review said judgment, said

bond to be filed within thirty days, and ordered that the petitioners be allowed sixty days within which to file their bill of exceptions.

The respondent bases his action in denying an appeal to the Appellate Court on the provisions of clause (*f*) of section 19 of the Workmen's Compensation act as amended, approved June 28, 1915, in force July 1, 1915, (Laws of 1915, p. 410,) which is as follows:

"(*f*) The decision of the industrial board, acting within its powers, according to the provisions of paragraph (*e*) of this section, and of the arbitrator or committee of arbitration, where no review is had and his or their decision becomes the decision of the industrial board in accordance with the provisions of this section, shall, in the absence of fraud, be conclusive unless reviewed as in this paragraph hereinafter provided. (1) The circuit court of the county where any of the parties defendant may be found shall by writ of *certiorari* to the industrial board have power to review all questions of law presented by such record. Such writ shall be issued by the clerk of such court upon *præcipe.* Service upon any member of the industrial board or the secretary thereof shall be service on the board, and service upon other parties in interest shall be by *scire facias,* or service may be made upon said board and other parties in interest by mailing notice of the commencement of the proceedings and the return day of the writ to the office of said board and the last known place of residence of the other parties in interest at least ten days before the return day of said writ; or (2) any party in interest may commence a suit in chancery in the circuit court of the county where any of the parties defendant may be found to review the decision of the board only for errors of law appearing on the said record of said board. Such suit by writ of *certiorari* or in chancery shall be commenced within twenty days of the receipt of notice of the decision of the board. The court may confirm or set aside the decision of the arbitrator or

committee of arbitration or industrial board. If the decision is set aside and the facts found in the proceedings before the board are sufficient, the court may enter such decision as is justified by law, or may remand the cause to the industrial board for further proceedings, and may state the questions requiring further hearing, and give such other instructions as may be proper. Judgments, orders and decrees of the circuit court under this act shall be reviewed only by the Supreme Court upon writ of error. Upon motion, the trial court shall enter of record a certificate that the cause is, or is not, in his opinion, one proper to be reviewed by the Supreme Court. Upon filing with the clerk of the Supreme Court a certified copy of such a certificate that the cause is one proper to be reviewed, writ of error shall issue. If the trial court certifies that the cause is not one proper to be reviewed, the Supreme Court, in its discretion, may, nevertheless, order that writ of error issue. A writ of error, when issued, shall operate as a *supersedeas.* The decision of any two members of a committee of arbitration or of the industrial board shall be considered the decision of such committee or board, respectively."

The relators contend that under the law an appeal lies to the Appellate Court from final orders and judgments of the circuit courts in all suits or proceedings at law except those reviewable directly by the Supreme Court, under and by virtue of section 8 of the Appellate Court act, (Hurd's Stat. 1913, p. 681,) as supplemented and modified by sections 91 and 118 of the Practice act; (Hurd's Stat. 1913, pp. 1873, 1878;) that a *certiorari* proceeding is a common law action, and an appeal lies to the Appellate Court from all judgments and final orders entered therein unless some question is involved which gives the Supreme Court jurisdiction of such appeal. Accordingly it is claimed that clause (*f*) of section 19 of the amendment to the Workmen's Compensation act above set out is in violation of and in conflict with section 29 of article 6 of the constitution of

1870, which is as follows: "All laws relating to courts shall be general, and of uniform operation; and the organization, jurisdiction, powers, proceedings and practice of all courts, of the same class or grade, so far as regulated by law, and the force and effect of the process, judgments and decrees of such courts, severally, shall be uniform." The argument is, that a statute which seeks to deny the right to an appeal to the Appellate Court from the final orders and judgments of the circuit courts of this State in *certiorari* proceedings which are instituted to review the records, orders, etc., of the industrial board, without denying the right to such appeal from the final orders and judgments of said circuit courts and of the superior court of Cook county in *certiorari* proceedings instituted to review the records, orders, etc., of inferior tribunals other than the said industrial board, is in violation of and in conflict with said section 29 of article 6 of the constitution.

Section 11 of article 6 of the constitution provides that after the year 1874 Appellate Courts of uniform organization and jurisdiction may be created in districts formed for that purpose, "to which such appeals and writs of error as the General Assembly may provide may be prosecuted from circuit and other courts." Section 12 provides that the circuit courts shall have original jurisdiction of "all causes in law and equity." In pursuance of the provisions contained in said section 11 the legislature passed an act in 1877 establishing Appellate Courts. Section 8 of that act, as amended in 1887, provides: "The said Appellate Courts created by this act shall exercise appellate jurisdiction only, and have jurisdiction of all matters of appeal, or writs of error from the final judgments, orders or decrees of any of the circuit courts, or the superior court of Cook county, or county courts, or from the city courts in any suit or proceeding at law, or in chancery other than criminal cases, not misdemeanors, and cases involving a franchise or freehold or the validity of a statute." (Hurd's Stat. 1913, p. 681.)

By section 91 of the Practice act of 1907 it is provided that "appeals shall lie to and writs of error from the Appellate Court or Supreme Court, as may be allowed by law, to review the final judgments, orders or decrees of any of the circuit courts, the superior court of Cook county, the county courts or the city courts and other courts from which appeals and to which writs of error may be allowed by law, in any suit or proceeding at law or in chancery. Appeals or writs of error in this section allowed shall be subject to the limitations by this act provided and to the conditions imposed by law." (Hurd's Stat. 1913, p. 1873.) The limitations and conditions thus referred to are contained in section 118 of the same act, which provides that "appeals from and writs of error to circuit courts, the superior court of Cook county, the criminal court of Cook county, county courts and city courts, in all criminal cases below the grade of felony shall be taken directly to the Appellate Court, and in all criminal cases above the grade of misdemeanors and cases in which a franchise or freehold or the validity of a statute or a construction of the constitution is involved; and in cases in which the validity of a municipal ordinance is involved and in which the trial judge shall certify that in his opinion the public interest so requires, and in all cases relating to revenue, or in which the State is interested, as a party or otherwise, shall be taken directly to the Supreme Court." (Hurd's Stat. 1913, p. 1878.)

Generally speaking, it appears from the foregoing acts that the legislature has conferred upon the Appellate Courts jurisdiction in all appeals from the circuit courts except in certain classes of cases.

Among other cases relied on by the petitioners in this proceeding is *Sixby* v. *Chicago City Railway Co.* 260 Ill. 478, in which we held that section 20 of the Municipal Court act, which required the Supreme Court and the Appellate Court to take judicial notice of the rules of the municipal court, is contrary to section 29 of article 6 of the constitu-

tion, for the reason that the Supreme Court and Appellate Court are not required to take judicial notice of the rules of any other court than the municipal court, and that the section, therefore, was lacking in the uniformity of procedure and practice required by the constitution for such enactments. In *Hoffman* v. *Paradis,* 259 Ill. 111, it was held that the provision of the Municipal Court act which requires writs of error to reverse judgments of municipal courts in fourth-class cases to be sued out within thirty days from date of the entry of the judgment is in conflict with section 29 of article 6 of the constitution. For the same reason the section of the Municipal Court act which required writs of error to review judgments for taxes in fourth-class cases to be sued out of the Appellate Court was held unconstitutional in *People* v. *Hibernian Banking Ass'n,* 245 Ill. 522, because under the general Practice act writs of error to review judgments for taxes entered by any court other than the municipal court are required to be sued out of this court. In *People* v. *Cosmopolitan Fire Ins. Co.* 246 Ill. 442, it was held that section 25 of the Municipal Court act, in so far as it authorized writs of error from the Appellate Court to the municipal court in cases relating to the revenue or where the State is interested, as a party or otherwise, was unconstitutional and such writs of error must be sued out of the Supreme Court under section 118 of the Practice act. In all of these cases there was an attempt by the legislature to prescribe a procedure in reviewing suits at law from the municipal court different from the procedure for the review of similar suits from other but similar courts of record, and there is a marked distinction between such cases and cases arising in purely statutory proceedings, in which the legislature may provide for an appeal or review and the manner thereof, or may provide that there be no appeal or review.

There would be great force in the contention of the petitioners if the writ of *certiorari* that may be issued by the

circuit court in cases arising under the Workmen's Compensation act were the common law writ of *certiorari*. So far as the writ issued in this case is concerned, it was the common law writ and was issued by the court under its common law powers, as it was issued before the amendment to the Workmen's Compensation act went into effect. In *Courter* v. *Simpson Construction Co.* 264 Ill. 488, it was held that circuit courts have jurisdiction to issue the common law writ of *certiorari* to review the decisions of the industrial board provided for in the Workmen's Compensation act. After the writ had been issued, and before the circuit court rendered its decision, the amendment embraced in clause (*f*), *supra,* went into effect, and, if valid in its provisions as to reviewing the decisions of the circuit courts, must govern in this case the same as if the circuit court had issued a writ of *certiorari* to the industrial board under the provisions of the act. There can be no vested right in any particular remedy or any special mode of administering it. *Dobbins* v. *First Nat. Bank of Peoria,* 112 Ill. 553; *Woods* v. *Soucy,* 166 id. 407.

There is no question but that the legislature has the power, in a purely statutory proceeding, to provide whether an appeal in such proceeding shall be taken to the Supreme Court or Appellate Court. (*Allerton* v. *Hopkins,* 160 Ill. 448.) In that case it is said, on page 453 of the opinion, quoting from the case of *Hall* v. *Thode,* 75 Ill. 173 : "These proceedings are purely statutory, having no vigor outside of the statute, and it is an unvarying principle that the requirements of the statute must govern and control them. By section 123 of chapter 46, title 'Elections,' (Rev. Stat. 1874,) it is provided: 'In all cases of contested elections in the circuit courts or county courts appeals may be taken to the Supreme Court in the same manner and upon like conditions as is provided by law for taking appeals in cases in chancery from the circuit courts.' Here is a specific remedy provided in a specific case,—not one arising in the usual

course of litigation, but exceptional. It is a familiar principle in such cases, where the organic or statute law has given a specific remedy that remedy must be pursued. In contested elections before a county court the remedy, and the only one, to correct a supposed error in the judgment is by appeal, and this remedy can alone be invoked. * * * This proceeding not being according to the course of the common law but statutory, merely, must be governed by the law prescribed for such proceedings."

While it is true that the writ of *certiorari* is a common law writ and the circuit court derives its power, in some cases, to issue such writ not from the statute but from the common law, it is also provided by statute that the writ of *certiorari* may be issued in certain cases, and the proceedings and practice where the court issues the writ in such cases are provided for, as, for instance, in the Justice and Constable act (Hurd's Stat. 1913, chap. 79,) it is provided in paragraph 188 (p. 1535,) that upon the return of said writ such proceedings shall be had thereon as in cases of appeal. "The purpose of a common law writ of *certiorari* is to bring the entire record of an inferior tribunal before the court to determine whether such a tribunal has proceeded according to law, and the trial is to be had solely from an inspection of the record. The court cannot consider any matter not appearing of record, and if the want of jurisdiction or illegality appears from the record the proper judgment is that the proceeding be quashed, but if the proceeding be regular the petition must be dismissed and the writ quashed, and these are the only judgments that can be entered in this procedure." (*Sanner* v. *Union Drainage District,* 175 Ill. 575.) In the case of *People* v. *Wilkinson,* 13 Ill. 660, it is said, on page 662 of the opinion, with reference to the power of circuit courts to issue writs of *certiorari:* "It is a common law power and is vested in our circuit courts, which in this State are the highest courts of original jurisdiction and answer to the court of king's bench

in England, unless it is taken away by statute. There is certainly no express statute which deprives these courts of this jurisdiction, nor is there any which takes it away by implication. It is true, we have a statute which provides for the issuing of a writ called a *certiorari,* but that writ can scarcely be said to have any analogy to the common law writ of the same name. The common law writ only removes the record of the inferior court, and upon that record, alone, can the questions be raised. The determination of the questions of fact by the inferior court are held conclusive, while our statutory writ removes the entire case into the circuit court and opens for re-examination all questions, both of law and fact. Indeed, it is but another mode of taking an appeal from the judgment of a justice of the peace to the circuit court, and it can only be directed to justices of the peace, while the common law suit, as we have seen, may be sent to all inferior tribunals and jurisdictions, whether they be courts of justice or tribunals of special and more limited authority, and whether an appeal be allowed from their determinations or not."

When a writ of *certiorari* is issued by the circuit court to review the proceedings of the State Industrial Board under the provisions of clause (*f*) of section 19 of the Workmen's Compensation act the court has the power to review all questions of law presented by the record of the industrial board, or a suit in chancery may be commenced by any party in interest to review the decision of the board only for errors of law appearing upon the record of said board. The court may confirm or set aside the decision of arbitrators or committee of arbitration or industrial board. If the decision is set aside and the facts found in the proceedings before the board are sufficient the court may enter such decision as is justified by law or may remand the cause to the industrial board for further proceedings, and may state the questions requiring further hearing and give such other instructions as may be proper.

It will thus be seen that the powers of the court in this proceeding are different from the powers of the court when the common law writ of *certiorari* has been issued, in which the court could only review the record of the proceedings and either dismiss the petition and quash the *certiorari* or quash the proceedings, as pointed out in *Sanner* v. *Union Drainage District, supra.* In case a suit in chancery is brought in the circuit court, as provided in clause (*f*), *supra,* the duties and powers of the court therein prescribed are different from the powers and duties of the court in other chancery proceedings. In short, all proceedings under the Workmen's Compensation act are purely and entirely statutory, and if a writ of *certiorari* is awarded by the circuit court or a suit in chancery is commenced, the proceedings thereunder are not the same as in other similar suits but are governed wholly by the statute in question. Where in a special statutory proceeding one form of review is specifically given, all other forms of review are excluded. (*Allerton* v. *Hopkins, supra; McCallum* v. *Title and Trust Co.* 203 Ill. 142; *Myers* v. *Newcomb Drainage District,* 245 id. 140.) In statutory proceedings the legislature has the power to provide how such cases shall be reviewed, if at all, and has provided that certain classes of cases shall be reviewed by the Supreme Court, only. Among such cases are those arising under the Eminent Domain act; (*Metropolitan West Side Elevated Railroad Co.* v. *Siegel,* 161 Ill. 638, and cases cited;) also cases of contested elections. *Hart Bros.* v. *West Chicago Park Comrs.* 186 Ill. 464.

For the reasons given we think the provisions in the act in question are constitutional, and the writ for *mandamus* will be denied.                     *Writ denied.*