(No. 13093.—Reversed and remanded.)

The Central Illinois Public Service Company, Plaintiff in Error, *vs.* The Industrial Commission *et al.*— (B. L. Kirk, Admr. Defendant in Error.)

*Opinion filed April 21, 1920.*

1. Jurisdiction—*when circuit courts have special jurisdiction.* Circuit courts are courts of general jurisdiction, but where a statute confers upon such courts a special statutory jurisdiction not arising out of the common law and outside their general jurisdiction their proceedings and judgments are treated as of courts of special jurisdiction.

2. Same—*special jurisdiction is limited to language of statute—review.* Where a court is in the exercise of special jurisdiction conferred upon it by statute that jurisdiction is limited to the language of the statute, and where the statute especially prescribes the form of review all other forms are excluded.

3. Workmen's compensation—*jurisdiction of circuit court on certiorari is statutory.* The writ of *certiorari* by which the circuit court is given jurisdiction to review compensation cases is purely statutory, and the powers of the court under such writ are different from those under the common law writ and are limited to the Compensation act.

4. Same—*a review may be had only in circuit court of county where any of the parties defendant may be found.* Under paragraph (*f*) of section 19 of the Compensation act a review in the circuit court may be had only in "the county where any of the parties defendant may be found," and the circuit court in the county where the administrator of a deceased employee was appointed can not take jurisdiction under a writ of *certiorari* prosecuted to review an award to the administrator, who does not reside in that county.

5. Venue—*circuit court, although it has no jurisdiction of subject matter, may transfer cause under Venue act of 1891.* Where a writ of *certiorari* is erroneously sued out of a circuit court having no jurisdiction either of the parties or of the subject matter because said court is not of the county where any of the parties defendant may be found, as required by the Compensation act, the court nevertheless has jurisdiction, under the Venue act of 1891, (Hurd's Stat. 1917, p. 2957,) to transfer the cause to the proper county.

6. Same—*the Venue act of 1891 applies although court has no jurisdiction of the subject matter.* The Venue act of 1891, (Hurd's

Stat. 1917, p. 2957,) providing that where any suit or proceeding is commenced in the wrong court said court shall change the venue to the proper court or county, includes all actions or proceedings, whether at law, in chancery or statutory, commenced in courts of record, and applies to those cases begun in courts not having jurisdiction of the subject matter as well as to those where the courts have no jurisdiction of the parties.

7. APPEALS AND ERRORS—*when Supreme Court cannot decide a case on merits.* Where the circuit court to which a writ of *certiorari* in a compensation case has been transferred under the Venue act by another circuit court quashes the writ for want of jurisdiction, there being no hearing on the merits in either court, the only question for the Supreme Court is one of jurisdiction and the case cannot be decided on the merits.

CARTER and FARMER, JJ., dissenting.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. FRANKLIN H. BOGGS, Judge, presiding.

VAUSE & KIGER, for plaintiff in error.

DOBBINS & DOBBINS, and F. B. LEONARD, JR., for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

On August 10, 1918, the Industrial Commission of Illinois, at a hearing to review an award, entered its order affirming the award in favor of B. L. Kirk, administrator of the estate of Jesse Huddleston, deceased, whose death was the result of an injury arising in the course of his employment with the plaintiff in error. At the time of the injury both parties were working under the Workmen's Compensation act of the State of Illinois. On August 26, 1918, the plaintiff in error filed with the clerk of the circuit court of Coles county a *præcipe* for a writ of *certiorari* directed to the Industrial Commission, returnable to the October term, 1918, of said court, and filed its bond in the sum fixed by the Industrial Commission, and the same was

approved by the clerk as required by law. On the same day a writ of *certiorari* was mailed to the Industrial Commission and notice of the commencement of the *certiorari* proceedings and the return day of the writ was mailed to Kirk, the administrator, in care of Dobbins & Dobbins, his attorneys, at their post-office address at Champaign, in Champaign county, Illinois. Kirk was appointed administrator by the county court of Coles county. He resides in Champaign county, and filed with the Industrial Commission his request that all notice of proceedings in this cause be served personally or by registered mail upon B. L. Kirk, administrator of the estate of Jesse Huddleston, deceased, Champaign, Illinois, and gave the names and address of his agents or attorneys as Dobbins & Dobbins, of Champaign. Dobbins & Dobbins, acting as attorneys for the defendant in error, wrote counsel for plaintiff in error that Kirk did not reside in or "may be found" in Coles county, and that they would take advantage of such want of jurisdiction of the circuit court of Coles county if an effort were made to have the case reviewed in that court. On October 15, 1918, Kirk, in person limiting his appearance, moved the circuit court of Coles county to dismiss the proceedings on the ground that under the statute the court had no jurisdiction, for the reason that he was not a resident and could not be found in Coles county within the meaning of the statute. Thereupon, on October 28, 1918, the writ of *certiorari* thus issued was quashed. On November 4, 1918, plaintiff in error filed a motion to set aside the order quashing the writ of *certiorari,* which motion was granted on April 23, 1919. On May 3, 1919, plaintiff in error filed a cross-motion for change of venue to the circuit court of Champaign county, which was allowed. The court thereupon ordered that the cause be transferred to the circuit court of Champaign county, and that the clerk forthwith transmit a transcript of the proceedings had in Coles county, together with all orders made and entered therein and all

papers filed in the cause, to the clerk of the circuit court of Champaign county and that the plaintiff in error pay all costs accrued.  On June 18, 1919, after the order thus transferring the cause to the circuit court of Champaign county had been filed, the defendant in error, limiting his appearance, entered his motion to quash the writ of *certiorari*, for the reason that no writ of *certiorari* was sued out of the circuit court of Champaign county within twenty days from the receipt of notice by plaintiff in error of the decision of the Industrial Commission, and for the further reason that the circuit court of Coles county never acquired jurisdiction, and that the circuit court of Champaign county was likewise without jurisdiction.

The question presented by the assignments of error in this case is whether or not the circuit court of Champaign county acquired jurisdiction of the parties and of the subject matter.

Plaintiff in error contends that the order of the circuit court of Coles county transferring the cause to the circuit court of Champaign county was a valid order, and that the latter court thereby had jurisdiction of the cause and should have decided it on its merits.  The question involved here is not one arising on the merits, however, but is whether plaintiff in error is entitled to a hearing on the merits in the circuit court of Champaign county.  Circuit courts are courts of general jurisdiction.  A court of general jurisdiction may have conferred upon it by statute a special statutory jurisdiction not arising out of the common law, from which such court draws its general jurisdiction, nor exercised according to the course of the common law but which is outside the general jurisdiction of such court.  In such a case its jurisdiction is special, and its proceedings and judgments are treated as the judgments and proceedings of courts of special jurisdiction.  (*Calkins* v. *Calkins*, 229 Ill. 68.)  When a court is in the exercise of special jurisdiction that jurisdiction is limited to the language of the

293 − 5

act conferring it. That court has no powers from any other source.

Plaintiff in error contends that since the circuit courts of the State have jurisdiction of common law writs of *certiorari* and of bills in chancery, the circuit court of Coles county for that reason had jurisdiction of the subject matter in the case at bar and had jurisdiction to transfer the cause to Champaign county. Actions and remedies under the Workmen's Compensation act were unknown at common law. The entire subject of compensation for injuries to employees is of statutory origin. All proceedings thereunder are purely statutory. The writ of *certiorari* in this class of cases is not to be confused with the common law writ of *certiorari*. The powers of the court under such a writ as provided by this act are different from those under the common law writ of *certiorari* and are limited to the powers and jurisdiction conferred by the act. The proceedings under this act, where the writ of *certiorari* has issued or suit in chancery been commenced, are not the same as in other similar suits but are governed wholly by the statute in question. (*People* v. *McGoorty,* 270 Ill. 610.) The theory of the Workmen's Compensation act is, that the question of compensation for injuries of an employee shall be adjusted speedily through the Industrial Commission in so far as that is possible. Courts are called upon to assist only as to questions of law arising. The method of invoking the aid of the circuit court is prescribed by statute, as are the questions that can be raised and the orders the court may enter. The jurisdiction of the circuit court and the method of review being statutory, only such jurisdiction for review is granted and only such method of proceeding can be employed as are pointed out by the statute. Where, in a special statutory proceeding, one form of review is especially given all other forms of review are excluded. *Smith-Lohr Coal Co.* v. *Industrial Board,* 279 Ill. 88; *People* v. *McGoorty, supra.*

Clause 1 of paragraph (f) of section 19 of the Workmen's Compensation act reads as follows: "The circuit court of the county where any of the parties defendant may be found shall by writ of *certiorari* to the Industrial Board have power to review all questions of law presented by such record. Such writ shall be issued by the clerk of such court upon *præcipe.* Service upon any member of the Industrial Board or the secretary thereof shall be service on the board, and service upon other parties in interest shall be by *scire facias,* or service may be made upon said board and other parties in interest by mailing notice of the commencement of the proceedings and the return day of the writ to the office of said board and the last known place of residence of the other parties in interest at least ten days before the return day of said writ. * * * Such suit by writ of *certiorari* or in chancery shall be commenced within twenty days of the receipt of notice of the decision of the board."

It is evident that the court upon which jurisdiction to hear a cause on writ of *certiorari* or bill in chancery has been conferred by said section of the act is "the circuit court of the county where any of the parties defendant may be found." This court has held in *Louisville and Nashville Railroad Co.* v. *Industrial Board,* 282 Ill. 136, that the Industrial Commission and members thereof are not parties in interest as the term is used in paragraph (f) of section 19 of the act, and that before an order can be made reviewing the act of the Industrial Commission, the writ of *certiorari* must issue out of or the bill in chancery be commenced in the court of the county where one of the parties defendant may be found. The jurisdiction here being statutory, it was conferred only on those circuit courts selected by the legislature. As the administrator of the deceased employee in this case lived in Champaign county and was to be found there, the only court having jurisdiction to issue the writ of *certiorari* was the circuit court of Cham-

paign county. It follows that the circuit court of Coles county did not have jurisdiction either of the person of the administrator or the subject matter of the suit.

Defendant in error contends that because this is so the circuit court of Coles county had no authority to make an order transferring the cause to Champaign county. Plaintiff in error, on the other hand, contends that jurisdiction to transfer the cause is conferred by paragraph 36 of the Venue act, and that such is true even though the circuit court of Coles county had no jurisdiction of the parties or of the subject matter for any other purpose. This brings us to a consideration of said paragraph, which is itself an act entitled "An act in relation to the practice in the courts of record in this State," in force July 1, 1891, (Hurd's Stat. 1917, p. 2957,) and is as follows: "That wherever any suit or proceeding shall hereafter be commenced, in any court of record in this State, and it shall appear to the court where the same is pending that the same has been commenced in the wrong court or county, then upon motion of either or any of the parties to such suit or proceeding, the court shall change the venue of such suit or proceeding to the proper court or county, and the same when the venue shall be so changed, shall be then pending and triable in such court or county to which the same shall be so changed the same as in other cases of change of venue."

Defendant in error contends that this act does not apply to cases where the court in which a suit is commenced does not have jurisdiction of the subject matter. The construction of this act has not been heretofore before this court. It is evident, however, that by the use of the words "any suit or proceeding" the legislature intended to include all actions or proceedings, whether the same be at law or in chancery or purely statutory, commenced in courts of record, and as such it cannot be doubted that the proceedings in the present case must be included. Furthermore, it is evident that by the use of the term "commenced in the

wrong court or county," the legislature intended to reach those cases begun in courts not having jurisdiction of the subject matter as well as those where jurisdiction of the parties, alone, is lacking. This is a provision of the law evidently enacted for the purpose of simplifying procedure and preventing the loss of substantial rights through a misunderstanding as to what forum should be used to obtain such rights. By this act it is evident that the legislature intended to and did confer on all courts of record in this State, without regard to any other jurisdiction either conferred upon or denied it by common law or statute, jurisdiction to "change the venue of such suit or proceeding to the proper court or county." It cannot be doubted that the power to confer that limited jurisdiction lies within the powers of the legislature, and we are of the opinion that in the instant case, while the circuit court of Coles county had no jurisdiction of the subject matter involved for any other purpose than that defined in the Venue act of 1891, and could therefore enter no order affecting the rights of the parties under the award made, that court was by said act empowered to transfer the cause to the proper county, which in this case was Champaign county, and under said act when said transfer was made the cause was from that time forward pending in the circuit court of Champaign county. The act further provides that when the venue shall be so changed the cause shall then be pending and triable in such court or county to which it shall be so changed, "the same as in other cases of change of venue." By section 16 of the Venue act it is provided that where a change of venue has been had, "the clerk of the court to which the change of venue is granted shall file the transcript and papers transmitted to him and docket the cause, and such cause shall be proceeded in and determined in all things, as well before as after judgment, as if it had originated in such court." We are of the opinion, therefore, that the proceedings in this case were properly transferred to the

circuit court of Champaign county and that that court should have proceeded to a hearing on the merits.

There is no question here as to the merits of the case. The only question here is one of jurisdiction of the circuit court of Champaign county to hear the case on its merits. There has been no hearing in that court on the merits and no judgment or order of that court concerning the merits is here for review.

For error in quashing the writ the judgment of the circuit court is reversed and the cause remanded for further proceedings not inconsistent with the views expressed herein.

*Reversed and remanded.*

CARTER and FARMER, JJ., dissenting:

We think this case should be affirmed on the merits, following the opinion of this court in *Central Illinois Public Service Co.* v. *Industrial Com.* 291 Ill. 256. It was conceded by all counsel that this case must be controlled on the merits by our decision in that case. The man whose case was being considered in that case and the man in this case were employed by the same company, were killed in the same accident, under the same circumstances, and their bodies were found close together. The only purpose there can be in sending this case back to the trial court is in order that such court may enter a proper order on the merits, and that order on the merits can only be one way. This opinion rightly says that the theory of the Workmen's Compensation law is to dispose of the claims thereunder as speedily as possible. The delay necessarily caused by sending this case back to the trial court, it seems to us, is not in accordance with justice. To adhere to the conclusion reached here seems to us, in view of our former ruling as to an accident identical in every respect with this one, to be paying more attention to form than to substance. We appreciate fully that we should have an orderly procedure in these matters as in all others, and if the court thinks this question of pro-

cedure important enough to express its views thereon we could see no objection to so doing, provided the case were affirmed in this court on the merits under the ruling in *Central Illinois Public Service Co.* v. *Industrial Com. supra.* We think it would be entirely proper practice here to take the short cut by affirming the judgment on the merits, and thus saving all further delay and the additional costs of other hearings.