James F. Bishop, Administrator of the Estate of Pearl Wagener, Deceased, Appellee, v. Illinois Western Electric Company, formerly known as Western Electric Company, Appellant.

Gen. No. 26,529.

1. APPEAL AND ERROR—*when writ of error will not lie.* A writ of error will not lie to review a judgment of an inferior tribunal when the latter is exercising a jurisdiction not known to the common law but based solely on a statutory remedy.

2. JUDGMENT—*what is nature of proceeding under section 89 of Practice Act.* The procedure under section 89 of the Practice Act (J. & A. ¶ 8626) is, in reality the old writ of *coram nobis*, which was solely a common-law writ.

3. ACTION—*application of provisions of Practice Act.* The various sections of the Practice Act apply solely to common-law actions except where the sections specifically are made to apply to other than common-law matters, or where such is the necessary implication.

4. WORKMEN'S COMPENSATION ACT—*when motion to set aside order of dismissal does not lie.* A motion to set aside an order of dismissal of a case under the Workmen's Compensation Act for want of prosecution cannot be made under section 89 of the Practice Act (J. & A. ¶ 8626).

5.   APPEAL AND ERROR—*what orders final and appealable.*   An order entered upon a motion made under section 89 of the Practice Act (J. & A. ¶ 8626), providing for the correction of errors of fact, is final and appealable.

6.   ·WORKMEN'S COMPENSATION ACT—*when court without jurisdiction to set aside order of dismissal.*   The circuit court was without jurisdiction to set aside an order dismissing a proceeding under the Workmen's Compensation Act of 1911 for want of prosecution.

Appeal from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.   Heard in this court at the October term, 1920.   Reversed.   Opinion filed May 16, 1921.

CUTTING, MOORE & SIDLEY, for appellant.

JOSEPH A. WEBER, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

One phase of this case has already been before us. See *Wagener v. Western Electric Co.,* 213 Ill. App. 326.   We there held that the oral motion asking the court to set aside the order of dismissal was not permitted by section 89 of the ·Practice Act (J. & A. ¶ 8626), which provides that such motions must be in writing. The order of the circuit court allowing this motion was therefore reversed and the cause remanded.

Subsequently an attempt was made to comply with this requirement of the statute and a written motion to vacate the order of dismissal was filed September 16, 1919.   This last motion was granted by the court and an order entered accordingly, from which the defendant appeals to this court.

Pearl Wagener, while an employee of defendant, on or about July 22, 1912, claimed to have received an accidental injury in the course of her employment. She sought compensation in accordance with the provision of the Compensation Act of 1911.   Arbitrators, as provided by the statute, made an award, from which

defendant appealed to the circuit court as permitted by the statute. Such appeal was perfected and when the case was called for trial September 30, 1914, it was dismissed for want of prosecution. The proceedings both before the arbitrators and in the circuit court were pursuant to the Workmen's Compensation Act in force at the time of the injury. Defendant contends that section 89, under which the motion under consideration was made, applies only to proceedings at common law and not to a purely statutory proceeding like the Workmen's Compensation Act.

Section 89 of the Practice Act (J. & A. ¶ 8626) provides in part:

"The writ of error *coram nobis* is hereby abolished, and all errors in fact, committed in the proceedings of any court of record, and which, by the common law, could have been corrected by said writ, may be corrected," etc.

A writ of error will not lie to review a judgment of an inferior tribunal when the latter is exercising a jurisdiction not known to the common law, but based solely on a statutory remedy. *Haines v. People,* 97 Ill. 161; *Sweeney v. Chicago Tel. Co.,* 212 Ill. 475; *People v. Emmerson,* 294 Ill. 219.

The procedure under section 89, while changing the form somewhat, is in reality the old writ of error *coram nobis,* and this writ was solely a common-law writ arising in connection with trials in the courts of King's Bench in England. *Mitchell v. King,* 187 Ill. 452; *Domitski v. American Linseed Co.,* 221 Ill. 161; *Tosetti Brewing Co. v. Koehler,* 200 Ill. 369; *Cramer v. Illinois Commercial Men's Ass'n,* 260 Ill. 516; *Chapman v. North American Life Ins. Co.,* 292 Ill. 179; 13 Corpus Juris 1235; 15 Corpus Juris 689.

The various sections of the Practice Act apply solely to common-law actions except where the sections specifically are made to apply to other than common-law matters, or where it is necessarily implied. *Brink-*

*man v. Bowles,* 280 Ill. 30; *Moore v. Tierney,* 100 Ill. 207.

Section 89 in terms is applicable only to proceedings at common law; it provides for the correction of errors in fact "which, by the common law, could have been corrected by said writ" of error *coram nobis.*

It has been repeatedly held that the proceeding on appeal from the Board of Arbitrators in the Workmen's Compensation Act is not a proceeding under the common law, but purely a statutory remedy. *People v. McGoorty,* 270 Ill. 610 [10 N. C. C. A. 978]; *Smith-Lohr Coal Min. Co. v. Industrial Board,* 279 Ill. 88; *Central Illinois Public Service Co. v. Industrial Commission,* 293 Ill. 62; *Oriental Laundry Co. v. Industrial Commission,* 293 Ill. 539.

It follows conclusively that this motion under section 89 of the Practice Act cannot be made to correct any errors of fact there may be in this purely statutory proceeding. The court was therefore without authority to enter the order asked for.

Plaintiff does not seem seriously to controvert the above, but says that the order appealed from is interlocutory and this appeal should be dismissed. *Madden v. City of Chicago,* 205 Ill. App. 612. This case seems so to hold, but we think erroneously, for it has been held definitely that an order entered upon a motion made under section 89 is a final, appealable order. *Cramer v. Illinois Commercial Men's Ass'n,* 260 Ill. 516.

The order of the circuit court of March 1, 1920, vacating and setting aside the order of dismissal entered September 30, 1914, is reversed on the ground that the court was without jurisdiction to enter said order.

*Reversed.*

HOLDOM, P. J., and DEVER, J., concur.