Petition Filed with City Clerk by Earl V. Smith and Objections to said Petition Filed by Illinois Power & Light Corporation and W. C. Murray and Mrs. W. C. Murray as to the Validity of the Said Petition, Earl V. Smith, Appellant.

Gen. No. 8,364.

Opinion filed February 3, 1930.

REDMON & REDMON, DENZ & BUCKNER, HAYES & DOWNING and EMANUEL ROSENBERG, for appellant; RUSSELL R. RENO, of counsel.

LEFORGEE, BLACK & SAMUELS, for appellee.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

This is a proceeding had under the provisions of section 47 of article XIII of the act for the incorporation of cities and villages, Cahill's St. ch. 24, ¶ 370. This section of the statute provides for initiative legislation of any ordinance of any city or village incorporated under this act.

The original initiation petition was filed with the city clerk of the City of Decatur on April 2, 1929. It consisted of 231 pages, each sheet of which contains a heading setting out the proposed ordinance, providing for the enlargement, extension, and improvement of the existing municipal electric light and power plant and system for the purpose of furnishing the city and its inhabitants with electric light, heat and power, and for the issuance of bonds of the city in the sum of $150,000, to pay the cost thereof, and for operating the municipal electric light and power plant and system thus enlarged, extended and improved. There are a total of 7,123 signatures contained in the various sheets constituting this petition, as claimed in appellant's brief, exclusive of certain signatures which have been crossed out on the various sheets of the petition. These signatures, it is claimed, consist of the name, house number, street address and date of signing. The dates of signing range from December 15, 1928, up to April 2, 1929.

On April 6, 1929, the Illinois Power and Light Corporation filed 26 written objections to this petition with the city clerk of the City of Decatur. W. C. Murray and Mrs. W. C. Murray likewise filed an objection to this petition with the city clerk of the City of Decatur. Objections 1 to 10 and 24 to 26, inclusive, of the Illinois Power and Light Corporation relate to the question as to whether the petition conforms with the requirements and provisions of section 47 of article XIII of the Cities and Villages Act, Cahill's St. ch. 24, ¶ 370. The balance of the objections, numbers 11 to 23, inclusive, relate to the question of the validity of the proposed

ordinance, as set out in the petition. The objections of W. C. Murray and Mrs. W. C. Murray consist merely of a letter generally objecting to the passage of the ordinance on the grounds that it will increase the tax burden of the city.

On April 8, 1929, the city clerk of the City of Decatur filed this initiative petition and the objections of the Illinois Power and Light Corporation and the objections of W. C. Murray and Mrs. W. C. Murray in the office of the circuit clerk of Macon county, Illinois. The circuit clerk on the same day presented the petition, with the objections thereto, to the Honorable James S. Baldwin, presiding judge of the circuit court of Macon county, who then noted the date of the presentment of this petition upon the docket and ordered the cause set for hearing on April 15, 1929, and directed the circuit clerk to give notice by publication for 5 successive days in both the Decatur Herald and the Decatur. Review, daily newspapers published in the City of Decatur. This notice by publication was made in both newspapers for 5 successive days, commencing April 9, 1929, to and including April 13.

On April 15, 1929, a hearing was had upon the petition and objections. On that date the petitioner, Earl V. Smith,. through his attorneys, filed a plea to the jurisdiction of the court, inquiring as to its jurisdiction. After argument of counsel the court overruled this plea and directed the continuance of the proceedings under the provisions of section 42 of article XIII of the Cities and Villages Act, Cahill's St. ch. 24, ¶ 365.

There was a hearing upon this petition, proofs submitted in a summary manner, and the court entered a decree as in chancery and after reciting and finding as to the preliminary matters, decreed: "That the said petition is insufficient and does not meet the requirements of the statute of the State of Illinois in such case made and provided, and that the same should not

be submitted to the voters of the City of Decatur, County of Macon and State of Illinois, as an initiative petition under the provisions of the statute of the State of Illinois in such case made and provided.''

It was further decreed that the number of votes cast for all candidates for mayor at the last preceding general municipal election in the City of Decatur was 21,543.

The petitioner, Earl V. Smith, prayed for and was allowed and has perfected an appeal from said decree to this court, and the record is before us. We are met at the outset by a motion, on the part of appellees, to dismiss the appeal, based upon two grounds:

First, That there is no appeal from the order and decree in this cause; and

Second, That the abstract does not comply with the rules of this court.

It is further objected that the original initiative petition was improperly certified to this court by the trial court below. This motion has been taken with the case and should receive first consideration.

The initiative and referendum provisions of the commission form of government act for cities is found in article XIII of chapter 24, ''Cities and Villages,'' and sections 42 to 49 c of that act are the sections particularly governing the cause in question for the disposition of the motion in this cause. Sections 42 to 46 relate to and govern petitions for a recall of a public or municipal officer under the commission form of government. Sections 47 and 48 relate to petitions for the initiation and repeal of ordinances and legislation in such cities. Section 49 relates to petitions for the abandonment of the commission form of government, and sections 49 a, 49 b and 49 c relate to appeals. In section 42 full provision is made for the presentations of petitions for recall of an officer and the form and sufficiency of the petitions are fully pointed out;

clause F of section 42 provides for objections to these petitions. The second provision of clause F provides: "Authority and jurisdiction are hereby conferred upon and vested in the county court or in the judge thereof in vacation, or in the circuit court or the judge or judges thereof in vacation, to determine in a summary manner the sufficiency of such petition, and the decision, decree or judgment thereon of any such court or judge as aforesaid shall become immediately effective and no appeal or writ of error shall in any manner stay or prevent the immediate operation of such decision, decree or judgment."

Section 47 of the act relating to the initiation of ordinances and legislation provides: "Any proposed ordinance may be submitted to the council by petition signed by electors of the city or village, equal in number to the percentage hereinafter required. The signature, verification, authentication, inspection, certification and submission of such petition shall be the same as provided for petitions under section 42 hereof: *Provided,* such petition shall be filed with the city or village clerk."

There is a similar provision as to petitions under section 49. Under section 49 a, the legislature passed an act providing for appeals as follows: "Appeals shall lie to, and writs of error from, the Appellate Court, to review the final orders, decisions, judgments, or decrees of any County Court or any Circuit Court, entered in any proceeding under or pursuant to the provisions of section 42 or section 49, or both of said sections of article XIII of this Act," and by an emergency clause this provision of the statute became effective June 27, 1927. The original act was passed in 1910.

Under these provisions of the statute, in cases where objections are made, the county or circuit courts or the judges thereof, in vacation, have jurisdiction

to pass summarily upon the signatures, verification, authentication, inspection, certification and submission of these petitions under the various sections of the statutes. Neither such courts nor the judges thereof have any jurisdiction, under section 47, to pass upon the policy or the constitutionality of any ordinance or legislation proposed. In the court below appellee filed certain objections to the sufficiency and constitutionality of the ordinance sought to be submitted, and much space is taken in the briefs of the cause upon that question. We mention this as, we think it has a bearing upon the proper construction to be given to section 49 a, providing for appeals. It is to be noted that section 49 a provides for appeals to the Appellate Courts only, and there is no direct appeal to the Supreme Court mentioned or provided for. It is the rule by statute in this State that the Appellate Courts have no jurisdiction to pass upon or review the judgments of an inferior court, determining the validity or constitutionality of a legislative act or ordinance. (Cahill's St. ch. 37, ¶ 40; sec. 32 of chapter 37, Smith-Hurd's Rev. Stat.; *Kowalczyk v. Swift & Co.*, 317 Ill. 312.)

The court held in *Spies v. Byers*, 287 Ill. 627, 631: "Courts are endowed by the constitution with judicial power, only, and are prohibited from interfering with other branches of the government in the exercise of their powers. They cannot obstruct the exercise of legislative functions, and have no more right to interfere in the process of legislation where the final act is the exercise of legislative power at an election than there would be at any other stage of the process. No one would contend that a court could enjoin either branch of the General Assembly from passing a bill, or the Governor from acting upon it, on the ground that the completed legislative act would be invalid, and the same rule necessarily applies to any inter-

ference with the electors in the final act of legislation. Courts have no general power to consider proposed and uncompleted legislation to determine whether an act will be valid or invalid if enacted into law. After legislation has been completed, the courts, in determining the rights of litigants respecting personal, civil or property rights, may, and it is their duty to, refuse to enforce a statute which is invalid, but their jurisdiction is limited to the determination of such rights. They can neither direct the enactment of a law nor prevent its enactment on any ground whatever, and that being so, a court of equity would have no power to entertain a bill of a tax-payer on account of the expense of the legislation."

And in *Roby v. City of Chicago*, 215 Ill. 604, 608, the court held: "In *People v. Suburban Railroad Co.*, 178 Ill. 594, on page 605, it is said: 'The State does not, however, exercise directly that full paramount power which it possesses over streets, alleys, etc., but in the distribution of governmental powers the General Assembly adopted the policy of selecting the cities and villages of the State as governmental agencies and delegating to such municipalities the power to regulate and control the use of the streets, alleys, etc., within their respective limits. Such power thus delegated is exercised by the municipal authorities acting in behalf of the State for the benefit of the public.' The general rule is, that a court of chancery will not enjoin the exercise by a city council of a legislative power, such as the granting of a street railway ordinance. (*Stevens v. St. Mary's Training School*, 144 Ill. 336; *Dickey v. Reed*, 78 id. 261; *State v. Superior Court of Milwaukee County*, 48 L. R. A. 819.) Cases may be found where a county or city has been enjoined from wrongfully disposing of the property or funds of the municipality. Those cases, however, on examination will be found to be cases in which the municipality controlled the property or fund in its proprietary capac-

ity, for the benefit of the citizen, (*McCord v. Pike,* 121 Ill. 288; *City of Mt. Carmel v. Shaw,* 155 id. 37;) and not in its governmental capacity as an agency for the State, under specific powers defined by the legislature, for the benefit of the public at large. The courts generally exercise their restraining power against the enforcement, rather than the passage, of unauthorized contracts, resolutions or ordinances by municipal corporations. *Stevens v. St. Mary's Training School, supra.''*

Under sections 42 and 49 only the right of the citizen to hold office and the community to maintain the commission form of government are involved and are in the nature of personal and civil rights. In these cases the court can only in its judicial capacity determine the sufficiency of the signatures, the verification, authentication, inspection and certification of the petitions, and in such cases, involving the personal right to hold office and the civil right to maintain the commission form of government, appeals are allowed to the Appellate Courts. But under section 47 the city and its citizens exercise the right to pass and repeal legislation and are acting in their legislative capacity, and while the section may be construed to require a court or judge, in a *quasi* judicial capacity, to count the names in the petition, see to the verification and other formal parts of the petition, it in no manner constitutes him as an agent for the people to enact or repeal legislation, or to delay its proper enactment or repeal by an appeal. Under the proper construction of these sections, it is the opinion of this court that the legislature had ample and cogent reasons for not allowing appeals from the action of the court or judge on petitions presented under said section 47, if the courts have any jurisdiction over such petitions. It is more determinative that the language of the statute, section 49 a, does not provide for an appeal from petitions presented under section 47.

(*Lower Salt Fork Drain. Dist. v. Smith,* 257 Ill. 52, 54; *People v. McGoorty,* 270 Ill. 610, 618; *Patterson v. Denton,* 201 Ill. App. 382.)

In *People v. McGoorty, supra,* the court held:

"There is no question but that the legislature has the power, in a purely statutory proceeding, to provide whether an appeal in such proceeding shall be taken to the Supreme Court or Appellate Court. (*Allerton v. Hopkins,* 160 Ill. 448.) In that case it is said, on page 453 of the opinion, quoting from the case of *Hall v. Thode,* 75 Ill. 173: 'These proceedings are purely statutory, having no vigor outside of the statute, and it is an unvarying principle that the requirements of the statute must govern and control them. By section 123 of chapter 46, title "Elections," (Rev. Stat. 1874,) it is provided: "In all cases of contested elections in the circuit courts or county courts appeals may be taken to the Supreme Court in the same manner and upon like conditions as is provided by law for taking appeals in cases in chancery from the circuit courts." Here is a specific remedy provided in a specific case—not one arising in the usual course of litigation, but exceptional. It is a familiar principle in such cases, where the organic or statute law has given a specific remedy that remedy must be pursued. In contested elections before a county court the remedy, and the only one, to correct a supposed error in the judgment is by appeal, and this remedy can alone be invoked. . . . This proceeding not being according to the course of the common law but statutory, merely, must be governed by the law prescribed for such proceedings.' "

The statute provides for appeals in causes arising "under or pursuant to section 42 or section 49 or both of said sections of article XIII." This cause arises under neither of said sections and is not an action known at common law or in chancery, and there is, therefore, no appeal.

The only light thrown upon a proper construction of these acts is found in *Melton v. City of Paris,* 333 Ill. 190. This was an injunction suit to restrain the city from enforcing a wheel tax ordinance. The cause arose after July 1, 1927, and involved sections 47 and 48 of the act. The court held: ''Authority and jurisdiction are conferred upon the county court or the judge thereof in vacation, or the circuit court or the judge thereof in vacation, to determine in a summary manner the sufficiency of the petition, and the decision, decree or judgment thereon of any such court or judge as aforesaid shall become immediately effective, and no appeal or writ of error shall in any manner stay or prevent the immediate operation of such decision, decree or judgment. The clerk of the court with whom such petition is filed shall immediately upon filing of the same with him present the same to the judge thereof, who shall note thereon the day the same was presented and the day when he will hear the same, which shall not be less than five nor more than ten days thereafter, and he shall order five days' notice thereof to be given by publication in some newspaper published in the city. The court or judge shall ascertain and declare by a decree as in chancery, to be entered of record in the proper court, the sufficiency or insufficiency of such petition, and the clerk of the court shall immediately upon said decree being entered transmit to the clerk with whom the petition was originally filed, such petition and a certified copy of the decree and the order of the court or judge.

''It is not contended by appellants that these sections of the statute are unconstitutional. It is contended that section 48 is mandatory and fails to confer jurisdiction on the circuit judge to inspect the petition. Section 48 does not confer jurisdiction on the circuit judge to inspect the petition, but section 47 specifies the manner in which the petition shall be signed and verified, and section 42 provides a method for testing

the validity of the same. The three sections are so connected by reference that each must be considered as part of the other. It is not contended that there was a failure to comply with the provisions of these sections. Even if there were such a contention, the record shows that the sections were complied with at the time and in the manner therein specified."

Although the court has held as to sections 42, 47 and 48 that "The three sections are so connected by reference that each must be considered as part of the other," we do not consider that this statement has any reference to the right to appeal.

As to the criticism of the abstract, that becomes substantially a moot subject. If an appeal lies to this court in the case at bar, it comes to this court as it was presented. to the circuit court of Macon county to pass upon the signatures, verification, etc., and the form of the original petition, in the review of which this court should have the original petition before it. The impossibility of placing the nature of such a petition in print, by abstract, before the court and the extent of the abstract, should, of necessity argue somewhat a relaxation of the rule. The appeal should not be dismissed for an insufficient abstract.

We have given no consideration to the merits of the petition as to its substance or form, or as to whether it conformed to the provisions of the statutes cited. Neither do we find that the court below, by its decree, passed upon the validity or invalidity of the ordinance submitted. It is insisted by appellant that the court below passed upon the validity of the ordinance submitted and was without jurisdiction to pass upon that question, and that, to the extent stated, the order and decree was void from which an appeal would lie, citing *People v. Coal Belt Electric Ry. Co.*, 311 Ill. 34. It is held in *People v. Coal Belt Electric Ry. Co., supra:* "A void judgment may be reviewed

by an appellate tribunal by writ of error or appeal. *(Goodsell v. Boynton,* 1 Scam. 555; *People v. Evans,* 262 Ill. 235; 3 Corpus Juris, 467.)''

On an examination of the order and decree of the court below, which we have set out in this opinion, it is not made to appear that the court acted upon the validity or invalidity of the ordinance or upon any matters other than those properly submitted to the court under sections 42 and 47 of the articles cited. It does not follow that the court's refusal to strike appellee's objections numbered 11 to 23 to the petition, from the record renders the decree entered as void, or that the court entered a decree based upon those objections. It merely shows error in the court's refusal to strike, from which error appellant has no relief. The decree entered is in proper form. For the reasons stated appellant's appeal is dismissed.

*Appeal dismissed.*