THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
MARIE PICCOLO *et al.* Appellants.

*Opinion filed October 24, 1916—Rehearing denied Dec. 8, 1916.*

1. JUVENILE COURT ACT—*filing petition does not make the petitioner a party.* The filing of a petition under the provisions of the Juvenile Court act, setting forth that a certain child is dependent, neglected or delinquent, does not make the petitioner a party, but on the filing of the petition the people become the real party complainant and must prosecute the proceeding.

2. SAME—*decision under the Juvenile Court act cannot be reviewed by appeal.* A decision of the trial court under the Juvenile Court act cannot be reviewed by appeal, as the act itself provides for a writ of error as the means of review, and the provision of section 91 of the Practice act authorizing an appeal in "any suit or proceeding at law or in chancery," does not apply to such a purely statutory proceeding as the one provided for in the Juvenile Court act.

APPEAL from the Circuit Court of Cook county; the Hon. V. P. ARNOLD, Judge, presiding.

JOSEPH D. IROSE, for appellants.

Mr. JUSTICE COOKE delivered the opinion of the court:

Bertha B. Howell filed a petition in the juvenile branch of the circuit court of Cook county under what is commonly known as the Juvenile Court act, (Hurd's Stat: 1916, p. 242,) charging that Marie Piccolo was a delinquent child and that her parents were unequal to the task and responsibility of controlling and correcting her and preventing her from committing repetitions of delinquency. Summons was issued and served upon the parents of the child, who was then seventeen years of age, and on the return day, the child not being in court, a warrant was issued under the provisions of the act for her arrest. She was arrested, brought into court and a trial was had, which resulted in an order finding that Marie Piccolo was a delinquent child, that her parents were unequal to the task and responsibility of controlling and correcting her and preventing her from repetitions of delinquency, and that it was for the best interests of the child and the people of the State that she be taken from her parents and placed under the guardianship of some suitable person. It was ordered that the child be committed to the house of correction in the city of Chicago,—an institution suitable for the care of delinquent girls,—and that the Mother Superior, the superintendent of that institution, be appointed the guardian of her person and be directed to place the child in said institution, and to hold her there and care for, train and educate her until she arrives at the age of twenty-one years. From this order Marie Piccolo and her parents prayed and were allowed an appeal to this court. The appeal was perfected, and the appellants have filed the record of the trial court, abstracts and briefs.

In the brief for appellants Bertha B. Howell is treated as appellee. Neither Bertha B. Howell nor the people have entered an appearance in this court, joined in error or filed briefs.

It is urged that the order of the trial court should be reversed for the reason that the Juvenile Court act is unconstitutional and the order is contrary to the great preponderance of the evidence.

The Juvenile Court act provides that any reputable person who is a resident of the county may file with the clerk of the court having jurisdiction of the matter, a petition setting forth that a certain child is either dependent, neglected or delinquent, as defined in the act, and that it is for the interest of the child and the State that it be taken from its parents, custodian or guardian and placed under the guardianship of some suitable person, and that the parents, guardian or custodian are unfit or improper guardians or are unable or unwilling to care for, protect, train, educate, control or discipline such child, or that such parents, guardian or custodian consent that such child be taken from them. The filing of such petition does not make the petitioner a party to the suit. This is simply a method provided whereby the people and the court may be informed of the situation which the petitioner alleges exists. Upon the filing of the petition the people become the real party complainant and must prosecute the proceeding. The Juvenile Court act is based upon the right inherent in the State to take over the custody of a child when circumstances make it necessary for the welfare of the child and of the State to do so, and upon the institution of any proceeding under the act the people become the real party to the controversy. Bertha B. Howell was in no sense a party to the proceeding in the trial court and could not become a party in this court.

The people not having followed up this appeal and having made no attempt to join in error, the question presents itself whether appellants are entitled to this method of review. The provisions of the Juvenile Court act are purely statutory. The proceedings therein provided for are not such as are instituted and carried on in substantial conformity with the forms and modes prescribed by the common

law or by the rules of chancery. The remedy provided by the act is one unknown to the common law or to chancery jurisdiction. It is purely statutory, and the proceedings provided by the act are special throughout. The act itself provides for no appeal from the order of the trial court, and the proceedings are not such as to entitle a party to an appeal under the general provisions of the Practice act. The right of appeal or writ of error, in so far as the same is granted by the Practice act, is conferred by section 91 of that act. That section provides for an appeal or writ of error "in any suit or proceeding at law or in chancery," and as the term "suit or proceeding at law or in chancery" only includes suits instituted and carried on in substantial conformity with the forms and modes prescribed by the common law or by the rules of chancery, section 91 confers no right of appeal in any case which is instituted and carried on in conformity with forms and modes not according to or recognized by the common law or rules of chancery but solely in accordance with the statutory provisions. *Myers* v. *Newcomb Drainage District,* 245 Ill. 140.

The last section of the Juvenile Court act provides that cases under the act may be reviewed by writ of error. This affords an additional reason why an appeal will not lie in this case, as where in a special statutory proceeding one form of review is specifically given all others are excluded. *Allerton* v. *Hopkins,* 160 Ill. 448.

Had the people entered an appearance, joined in error and filed briefs we might, under our practice, have regarded the appeal as a writ of error and determined the questions presented. The people, however, were under no obligation to thus recognize and follow up the appeal, and not having done so the appeal is dismissed.        *Appeal dismissed.*