Leonard C. Reid, Administrator of the Estate of E. Bittner, for use of Fitzpatrick Brothers, Appellee, v. Chicago Railways Company and Chicago City Railway Company, Appellants.

### Gen. No. 28,105.

1. JUDGMENTS—*writ coram nobis not available to vacate dismissal of statutory action.* A motion in the nature of a writ of error *coram nobis* is not available to vacate the order of dismissal of a statutory action.

2. DEATH BY WRONGFUL ACT—*action under Injuries Act not statutory proceeding.* The Injuries Act creates no proceedings independent of the common law but only new rights which are to be enforced according to the common law, and an action brought by virtue of that act is not a statutory proceeding within the rule that the writ of error *coram nobis* is not available in statutory proceedings.

3. WORKMEN'S COMPENSATION—*action for use of employer under section 29, not statutory proceeding.* An original action in trespass on the case for damages for the death of an employee brought by an administrator for the use of the employer is not a statutory proceeding within the rule that the writ of error *coram nobis* is not available in statutory proceedings, even though the action is brought under the Workmen's Compensation Act, sec. 29, Cahill's Ill. St. ch. 48, ¶ 229, since the right of action in the employer, given in section 29, is not a new cause of action but the employee's right of action transferred to his employer and enforceable according to common-law procedure.

Reid v. Chicago Rys. Co. et al., 231 Ill. App. 58.

4. JUDGMENTS—*limitation of time for motion for writ coram nobis in action under Injuries Act.* The fact that an action for damages for wrongful death under the Injuries Act must be brought within one year does not except it from the operation of a motion for the writ in the nature of *coram nobis* provided for in Practice Act, sec. 89, Cahill's Ill. St. ch. 110, ¶ 89, for the correction of errors of fact in the court in which such error was committed, upon motion in writing within five years.

5. DEATH BY WRONGFUL ACT—*action as one at common law within meaning of Practice Act.* An original action in trespass on the case for damages for wrongful death, brought by an administrator for his own use as administrator and for the use of decedent's employer, under the Injuries Act and the Workmen's Compensation Act, sec. 29, Cahill's Ill. St. ch. 48, ¶ 229, although brought for the enforcement of statutory rights, is a common-law proceeding within the meaning of the provisions of Practice Act, sec. 89, Cahill's Ill. St. ch. 110, ¶ 89, abolishing the writ *coram nobis* and authorizing the corrections of errors of fact by writ of error in the nature of *coram nobis* on written motion in the court in which such error was committed.

6. JUDGMENTS—*scope of writ coram nobis under Practice Act.* The fact that the scope of the writ of error has been defined by Practice Act, sec. 91, Cahill's Ill. St. ch. 110, ¶ 91, but not extended to include purely statutory proceedings, and that the scope of the motion under section 89, Cahill's Ill. St. ch. 110, ¶ 89, in the nature of *coram nobis* is limited to its common-law scope, does not make the latter writ inapplicable to an original action in trespass on the case under the Injuries Act.

7. CALENDAR—*when stricken case properly placed on trial calendar by clerk.* No error of fact was committed by the clerk of superior court in placing on the calendar of one judge an action which had been stricken from the calendar of the judge to whom it was originally assigned and who had reinstated it without the order of reinstatement being entered of record, where the clerk acted pursuant to an order of the judge on whose calendar he placed the cause to prepare a calendar of all common-law cases stricken from the present calendar, continued generally, and passed on notice prior to a specified date, although the cause was also on the calendar of the judge to whom it had been assigned for call on the same date as before the other judge.

8. CALENDAR—*reinstatement of cause on calendar not a judicial act.* Reinstatement on the trial calendar of a cause, pursuant to a verbal order to his minute clerk by the judge to whom the case had originally been assigned and who had caused it to be continued generally, is a ministerial and not a judicial act, and

the cause is properly on such judge's calendar after such reinstatement, even though no entry of the order of reinstatement was made of record, and the placing of such cause on the calendar of another judge, pursuant to a general order made by him to prepare a calendar, of all causes stricken, continued generally or passed on notice prior to a certain date, did not properly place the cause on such latter judge's calendar although the entry thereon was due to the want of any record of the order of reinstatement.

9. JUDGMENTS—*dismissal of cause as error of fact correctable by writ coram nobis.* Dismissal of a cause, for want of prosecution, by a judge upon whose calendar it had been placed by error resulting from the failure to enter of record an order reinstating the cause on the calendar of the judge to whom it had originally been assigned, of which order of reinstatement the dismissing judge was ignorant, constitutes an error of fact within the meaning of Practice Act, sec. 89, Cahill's Ill. St. ch. 48, ¶ 89, which may be corrected by the writ provided for in that section, where it appears that the cause was on the calendar of the judge to whom it had been originally assigned, for call on the day of dismissal, and that the attorneys for the parties were then present, of which facts the dismissing judge was ignorant.

10. JUDGMENTS—*when no presumption in favor of incomplete record.* The presumption that a judge, when he dismissed a cause for want of prosecution, had the entire record of the cause before him and that he acted with knowledge that such cause had been reinstated on the calendar of the judge to whom it had been originally assigned, cannot be indulged to sustain such dismissal as against a writ in the nature of *coram nobis* under Practice Act, sec. 89, Cahill's Ill. St. ch. 48, ¶ 89, where the record is incomplete and does not show the order of reinstatement which had been properly made but not entered of record.

11. JUDGMENTS—*when record not contradicted on motion to vacate for error of fact.* Recital in a judgment of dismissal for want of prosecution that the cause was called for trial is not inferentially equivalent to a finding that the cause had properly been placed on a special calendar which may not be contradicted on a motion under Practice Act, sec. 89, Cahill's Ill. St. ch. 48, ¶ 89, to vacate the judgment for error of fact by a showing that cause was not properly on the dismissing judge's calendar but was properly on the calendar of another judge under order of reinstatement made orally but not entered of record.

12. JUDGMENTS—*when failure of attorney to attend call of calendar not negligence barring vacation of dismissal for want of*

*prosecution.* Failure of attorneys for plaintiff to attend the call of the calendar of a certain judge which resulted in dismissal of the cause for want of prosecution is not such negligence as bars vacation of the judgment for error of fact on motion under Practice Act, sec. 89, Cahill's Ill. St. ch. 48, ¶ 89, where it appears that the cause was improperly on the calendar of such judge and was on the calendar of another judge, to whom the cause had been originally assigned, for call on the same day, and that the attorneys were present before such latter judge, and that the attorneys for both parties were absent at the call of the first judge's calendar.

13. JUDGMENTS—*effect delay for less than statutory period in moving for vacation.* Delay of three years after dismissal of a cause for want of prosecution in moving under Practice Act, sec. 89, Cahill's Ill. St. ch. 48, ¶ 89, to vacate the judgment of dismissal, is not laches barring the right to such relief, in view of the statutory period of five years for seeking such relief, especially where it appears that the party acted diligently in seeking relief but mistook the remedy.

14. PLEADING—*plea to motion to vacate judgment as waiver of defects.* Insufficiency of a motion under Practice Act, sec. 89, Cahill's Ill. St. ch. 48, ¶ 89, for a writ in the nature of *coram nobis* to vacate a judgment for error of fact is waived by the filing of a plea to the motion after overruling of a demurrer thereto, except the objection that the motion is so defective that it will not sustain judgment thereon.

15. PLEADING—*when insufficiency of declaration not raised by motion in arrest of judgment.* On motion for arrest of a judgment vacating a judgment of dismissal, entered in a proceeding under Practice Act, sec. 89, Cahill's Ill. St. ch. 48, ¶ 89, for a writ in the nature of *coram nobis*, the objection that the motion for the writ was obnoxious to a demurrer previously filed and overruled could not be raised.

16. APPEAL AND ERROR—*presumption on appeal as to legal sufficiency of motion.* All legitimate and reasonable presumptions and intendments will be indulged in support of the sufficiency of a motion under Practice Act, sec. 89, Cahill's Ill. St. ch. 48, ¶ 89, to vacate a judgment of dismissal, on appeal from a judgment vacating the previous judgment, where the sufficiency of the motion is not presented to the Appellate Court by demurrer.

17. JUDGMENTS—*allegation of merits not requisite on motion to vacate dismissal.* No allegation that the plaintiff, in an action which was dismissed for want of prosecution, had therein a meritorious cause of action, is necessary to the sufficiency of a motion under Practice Act, sec. 89, Cahill's Ill. St. ch. 48, ¶ 89, by such plaintiff to vacate the judgment of dismissal.

18. STIPULATIONS—*implied incorporation of facts stipulated into pleadings.* The legal effect of a stipulation of facts entered into by the parties in a proceeding under Practice Act, sec. 89, Cahill's Ill. St. ch. 48, ¶ 89, for the vacation of a judgment of dismissal for want of prosecution, entered on error of fact, is to incorporate the facts stipulated into the pleadings as an allegation thereof.

19. HARMLESS ERROR—*admission of evidence not necessary to decision not reversible error.* Alleged error in the admission of evidence on a motion under Practice Act, sec. 89, Cahill's Ill. St. ch. 48, ¶ 89, to vacate a judgment for error of fact, was harmless where such evidence was wholly immaterial and unnecessary to the decision of the court on the motion.

20. PLEADING—*proceeding to trial without formal joinder of issues as waiver of failure to file replication.* Failure of plaintiff to file a replication to defendant's plea to a motion for a writ in the nature of *coram nobis*, under Practice Act, sec. 89, Cahill's Ill. St. ch. 48, ¶ 89, after the overruling of plaintiff's demurrer to such plea, was waived where the parties thereupon proceeded to trial without formal joinder of issue under a stipulation of facts entered into voluntarily in open court.

Appeal by defendants from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1923. Affirmed. Opinion filed December 10, 1923.

CHARLES LeROY BROWN, for appellants; JOHN R. GUILLIAMS, FRANK L. KRIETE and ROBERT J. SLATER, of counsel.

JOHN CLARK BAKER, for appellee.

MR. JUSTICE JOHNSTON delivered the opinion of the court.

This is an appeal by the Chicago Railways Company and the Chicago City Railway Company, appellants, from an order of the superior court of Cook county in a proceeding in the nature of a writ of *coram nobis* vacating an order dismissing an action of trespass on the case for the alleged wrongful death of E. Bittner. The action was brought against appel-

lants by appellee, Leonard C. Reid, as administrator of the estate of Bittner for his own use as administrator and for the use of Fitzpatrick Brothers. The facts leading up to the proceeding in the nature of a writ of *coram nobis* are as follows:

The action of trespass on the case was regularly assigned to the calendar of Judge Fitch when the calendars of the judges were prepared in the fall of 1917. April 12, 1918, the case appeared on Judge Fitch's daily trial call, and on that date Judge Fitch entered an order striking the case "off the calendar on account of the previous engagement of the attorney for the plaintiff in said cause." June 5, 1918, the case again appeared on the daily trial call of Judge Fitch, although no order of reinstatement had been entered of record. Appellee proved by oral testimony, over the objection of appellants, that on May 29, 1918, after notice to appellants, a motion was made by appellee before Judge Fitch to reinstate the case, and that Judge Fitch directed his minute clerk to put the case on the foot of the trial call for June 1, 1918. The case did not appear on the trial call on June 1, but did appear on June 5. Irrespective of the question whether the case was reinstated at the instance of appellee, the undisputed fact is that it did appear on the trial call of Judge Fitch on June 5, 1918. It is also an undisputed fact that no order was entered of record reinstating the case. June 5, 1918, Judge Fitch continued the case generally. Appellee proved by oral testimony, over the objection of appellants, that on June 10, 1918, after notice to appellants, a motion was made by appellee to reinstate the case, and that Judge Fitch directed his minute clerk to put the case on the trial call for June 17, 1918. It is an undisputed fact that the case did appear on Judge Fitch's trial call for June 17, 1918; and it is also an undisputed fact that no order of record was entered reinstating the case.

In the meantime, on June 5, 1918, the same day on

which Judge Fitch had continued the case generally, Judge McKinley entered an order directing the clerk of the superior court to "prepare a calendar of all common-law cases stricken from the present calendar, continued generally, and passed on notice prior to June 1, 1918." The order also recited that in the call of the cases if no person appeared for either side in any case, the case would be dismissed for want of prosecution. The order was published in the Chicago Daily Law Bulletin on Friday, June 14, and Saturday, June 15. On Monday, June 17, the case appeared on the trial call of Judge McKinley. On the same day, June 17, the case also appeared on the trial call of Judge Fitch. The Chicago Daily Law Bulletin had previously published the case in the list of cases that would be called by Judge Fitch on June 17. When the case was called by Judge McKinley on June 17, no one appeared for either side, and it was dismissed for want of prosecution.

On the call of the case before Judge Fitch on June 17 both sides were represented, but no action was taken in the case on that date. The case remained on Judge Fitch's trial call daily from that date until June 26, when it was stricken off of his call on account of the engagement of counsel.

Appellee filed a motion under section 89 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 89] in the nature of a writ of error *coram nobis* to vacate and set aside the order of Judge McKinley dismissing the case for want of prosecution, on the ground that if the facts relating to the status of the case before Judge Fitch had been known by Judge McKinley he would, as a matter of law, have been precluded from entering the order of dismissal.

It is contended by counsel for appellants that the motion in the nature of a writ of error *coram nobis* is not available to vacate the order of dismissal of the original action of trespass on the case for the reason

that the latter is "purely a statutory action," and the motion is only appropriate in common-law proceedings. Counsel for appellants maintain that the original action is not only a statutory proceeding, but that it has "a double statutory character," in that it is based both on the Injuries Act and the Workmen's Compensation Act. Counsel argue as follows: "The declaration in the original action was an attempt to maintain the statutory action by an administrator for wrongfully causing the death of his intestate. The allegations that plaintiff was suing for his own use as such administrator and for the use of Fitzpatrick Brothers, a corporation, show that the action was an attempt to sue under section 29 of the Workmen's Compensation Act [Cahill's Ill. St. ch. 48, ¶ 229] to recover for the benefit of plaintiff's employer against third persons whose alleged negligence is claimed to have caused a fatal injury to one who was an employee of the beneficial plaintiff."

Counsel for appellants are correct in their contention that the motion in the nature of a writ of error *coram nobis* is not appropriate in statutory proceedings. *Bishop v. Illinois Western Electric Co.*, 221 Ill. App. 141. The question then to be determined is whether the original action of trespass on the case is a statutory proceeding.

We shall consider first the question whether the original action is a statutory proceeding in contemplation of the Injuries Act. That act consists of two sections. The first section creates a new right of action. The second section provides, in substance, who shall bring the action, names the beneficiaries, limits the amount of damages, prescribes the time for the commencement of the action, and directs that no action shall be brought for a death outside of the State.

At common law no right of action existed where death resulted from a "wrongful act, neglect or default," and the purpose of the Injuries Act is to give

such a right of action. *Crane v. Chicago & W. I. R. Co.*, 233 Ill. 259, 262. But in granting this new right of action a "statutory proceeding" was not created, but only a statutory right. There is a material distinction between a statutory right and a statutory proceeding. We can find no precise definition of a statutory proceeding. However, the general character of such a proceeding may be ascertained from the language of the courts in decisions considering proceedings that are purely statutory. In *Lavin v. Wells Bros. Co.*, 272 Ill. 609, 611, a statutory proceeding is spoken of as a proceeding "involving rights and providing remedies which are not of the kind previously enforced either at law or in chancery." In *Central Illinois Public Service Co. v. Industrial Commission*, 293 Ill. 62, in considering the Workmen's Compensation Act, the court said (p. 66): "Actions and remedies under the Workmen's Compensation Act were unknown at common law. The entire subject of compensation for injuries to employees is of a statutory origin. All proceedings thereunder are purely statutory."

It follows from the above decisions that a statutory proceeding may be generally described as a proceeding in which a statute creates new rights and prescribes new remedies unknown to the common law and intended to be exclusive of the common law. In other words, a statutory proceeding is a proceeding independent of the common law. In this view of a statutory proceeding it is plain that the Injuries Act is not a statutory proceeding. It merely creates a new right of action, but the procedure for enforcing the provisions of the act is not prescribed. In practice the common-law procedure is followed. *O'Brien v. Chicago City Ry. Company*, 305 Ill. 244. This practice is in accordance with proper statutory construction.

If a new right is created by statute and no remedy is prescribed, it will be presumed that a common-law

action was intended. *Ohio & M. Ry. Co. v. McGehee,* 47 Ill. App. 348, 351. It is also a familiar rule of construction that "statutes should be construed with reference to the principles of the common law, and it will not be presumed an innovation thereon was intended farther than is specified or clearly to be implied." *People v. Clark,* 268 Ill. 156, 163; *Canadian Bank of Commerce v. McCrea,* 106 Ill. 281.

It is apparent that the Injuries Act does not purport to create a proceeding which is independent of the common law, but only intends to create new rights which are to be enforced by the common law. The operation and effect of the act is dependent upon the common law. In our opinion an action brought by virtue of the Injuries Act is not a statutory proceeding.

A number of cases are cited by counsel for appellants, which, according to the contention of counsel, hold that "an action for a wrongful death is wholly a statutory proceeding." We have examined these cases and find that none holds that the action for a wrongful death is a "statutory proceeding." They only hold that the action is a new cause of action created by the statute. That is a very different thing from a "statutory proceeding."

Counsel for appellants further contend that independently of the Injuries Act the original action of trespass on the case is a statutory proceeding by virtue of section 29 of the Workmen's Compensation Act [Cahill's Ill. St. ch. 48, ¶ 229]. Counsel argue that "there is only one way such a statutory cause of. action may be maintained for the use or benefit of a third person, and that is by reason of the assignment of the cause of action made by section 29 of the Workmen's Compensation Act"; and that for this reason the original action is a statutory proceeding. In our view the record in the case at bar does not show that the original action was brought under the authority of

section 29 of the Workmen's Compensation Act. Counsel for appellants assert that the "allegations that plaintiff was suing for his own use as such administrator and for the use of Fitzpatrick Brothers, a corporation, show that the action was an attempt to sue under section 29 of the Workmen's Compensation Act." We do not agree with counsel's contention that these allegations are sufficient of themselves alone to justify the inference that the original action is brought under section 29 of the Workmen's Compensation Act. But even if it expressly appeared from the record that the original action was brought by virtue of section 29 of the Workmen's Compensation Act, we do not think that such an action would be a statutory proceeding. "The right of the employer to sue is not a new cause of action created by section 29, but is the employee's right of action taken from him and transferred to the employer." *Joseph Schlitz Brewing Co. v. Chicago Rys. Co.*, 307 Ill. 322, 327. The mere transference of the employee's right of action to the employer does not create a statutory proceeding. Section 29 does not provide the procedure by which the right of action so transferred is to be enforced, but permits the action to be prosecuted according to common-law procedure. From the views that we expressed in considering the Injuries Act, it follows that the original action is not a statutory proceeding by virtue of section 29 of the Workmen's Compensation Act.

Counsel for appellants argue with confidence that the original action is a statutory proceeding. They say: "Either we are right in our claim that the original action here by Reid as administrator for the benefit of Fitzpatrick Brothers was a statutory proceeding, or this court was wrong in its holding that the proceeding dismissed in the circuit court in the Bishop-Wagener case was not a proceeding under the common law, but purely a statutory proceeding."

In our opinion the case referred to by counsel, namely, *Bishop v. Illinois Western Electric Co., supra,* is not conclusive of the case at bar for the reason that the proceeding in that case in which the motion in the nature of a writ of error *coram nobis* was made was a proceeding under the Workmen's Compensation Act, and therefore purely a statutory proceeding. The court expressly stated in that case that: "The proceedings both before the arbitrators and in the circuit court were pursuant to the Workmen's Compensation Act in force at the time of the injury," and that "it has been repeatedly held that the proceeding on appeal from the Board of Arbitrators in the Workmen's Compensation Act is not a proceeding under the common law, but purely a statutory remedy."

Counsel for appellants in arguing further ask the following question: Since the original action is created by the Injuries Act and must be brought by the plaintiff within a year, "how can such a plaintiff have any right to be plaintiff under a statute like section 89, which gives a person entitled to avail of it five years in which to institute new proceedings by motion?" We think the argument is without merit. The same question might by analogy be asked in respect of the motion under section 89 of the Practice Act when made in any common-law action which is limited to be brought in less time than five years. The logic of counsel's contention would result in permitting the motion under section 89 to be made only in proceedings where the limitation of the action is at least equal to the period allowed for the filing of the motion. The fact that the Injuries Act is not a statute of limitations (*Carlin v. Peerless Gas Light Co.,* 283 Ill. 142) does not, in our opinion, except it from the operation of the motion under section 89.

Although the original action of trespass on the case is not a purely statutory proceeding, is it a proceeding unknown to the common law and of such a statu-

tory character as to render the motion under section 89 of the Practice Act inapplicable? Or, to put the question in another way, is it a proceeding instituted and carried on in substantial conformity with the forms and modes prescribed by the common law? Section 89 provides that: "The writ of error *coram nobis* is hereby abolished, and all errors in fact, committed in the proceedings of any court of record, and which, by the common law, could have been corrected by said writ, may be corrected by the court in which the error was committed, upon motion in writing." The motion under the statute has the same scope that a writ of error *coram nobis* had at common law. "While the statute abolished the writ, it did not abolish the essentials of the proceeding, which, in nature, remains the same." *Mitchell v. King*, 187 Ill. 452, 457. In determining whether the motion is applicable in the original action we may by analogy consider the rule relating to the scope of writs of error generally. From an examination of the nature of a writ of error both at common law and by statute, we find that in both instances the writ will lie to review a proceeding where the jurisdiction of the court is exercised according to the course of the common law, but not where the proceeding is a special statutory proceeding unknown to the common law. The right of review by a writ of error exists independently of any statutory or constitutional provisions, by force of the common law, in all cases in which the jurisdiction of the inferior court is exercised according to the course of the common law. *People v. Emmerson*, 294 Ill. 219, 220. By section 91 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 91] writs of error are authorized "in any suit or proceeding at law or in chancery." In construing this section it has been held that the phrase "suit or proceeding at law or in chancery" does not include a statutory proceeding, but means any suit or proceeding "instituted and carried on in substantial conform-

ity with the forms and modes prescribed by the common law or by the rules of chancery." *Myers v. Newcomb Spec. Drain. Dist.*, 245 Ill. 140, 146; *Christensen v. R. W. Bartelmann Co.*, 273 Ill. 346, 348; *People v. Piccolo*, 275 Ill. 453, 456. In order that section 91 may be inapplicable the proceeding must be instituted and carried on "solely in accordance with the statutory provisions." *People v. Piccolo, supra.*

The procedure followed in the original action in the case at bar is the procedure of the common law. The right of action only is created by the Injuries Act, and section 29 of the Workmen's Compensation Act transfers to the employer the right of action thus created. The proceeding consists of statutory rights enforced by the common-law procedure. Such a proceeding is of the same general nature as an action at law. The right of action is new, but the procedure is not; and the right of action, although new in the sense that it could not be maintained at common law, and although not an action for a personal injury (*Prouty v. City of Chicago*, 250 Ill. 222, 227), is nevertheless similar in character to a right of action at common law for a personal injury. The original action in the case at bar is not instituted and carried on solely in accordance with statutory provisions, but is a proceeding in substantial conformity with the forms and modes prescribed by the common law.

And being that kind of proceeding the motion in the nature of a writ of error *coram nobis* would apply by analogy with the writ of error at common law or by statute. If the original action in the case at bar was a special statutory proceeding unknown to the common law, the writ of error *coram nobis* would not apply, and neither would the writ of error at common law or by statute. Since counsel for appellants maintain that the original action in the case at bar was "wholly a statutory proceeding" and "not a common-law proceeding" because of the fact that the Injuries

Act grants a statutory right, then as counsel for appellee in their brief aptly observe, it would follow for a similar reason that "in an action of assumpsit on a note, a writ of error would not lie because the particular right asserted was created by the Negotiable Instrument Act"; and that "in fact there would be few cases in which the writ would lie, because in these days, most of our rights are regulated more or less by statute." Pursuing the same method of reasoning, counsel for appellee might have added that a writ of error either at common law or by statute would not lie to review a judgment in a case such as the original action in the case at bar, in which the right of action was created by the Injuries Act.

Although counsel for appellants maintain that the original action in the case at bar was "wholly a statutory proceeding" and "was not a common-law proceeding," they contend that even if a writ of error might be applicable in the original action, the writ of error *coram nobis* would not lie. The reason for the distinction between the scope of the two writs, as stated by counsel, is that the scope of the writ of error has been extended by statute (section 91 of the Practice Act), but that the scope of the writ of error *coram nobis* has not been extended by statute, and is confined to its scope at common law. It is true that section 91 has defined the scope of the writ of error, and it is also true that the scope of the writ of error *coram nobis* has not been extended by statute. But section 91 has not extended the writ of error to special *statutory proceedings* unknown to the common law. In construing that section it has been expressly held that the phrase "suits or proceedings at law or in chancery" does not apply to special statutory proceedings unknown to the common law. *Christensen v. R. W. Bartelmann Co., supra; Myers v. Newcomb Spec. Drain. Dist., supra; People v. Piccolo, supra.* If it should be conceded, therefore, that a writ of error by virtue of

section 91 would lie to review a judgment in a case such as the original action in the case at bar, the concession would necessarily compel the admission that the original action was not a statutory proceeding. In our opinion the original action in the case at bar was not a statutory proceeding, but was a proceeding in substantial conformity with the forms and modes prescribed by the common law. The writ of error, either at common law or by statute, would be applicable, as would also the writ of error *coram nobis.* As the motion under section 89 in the nature of a writ of error *coram nobis* has the same scope as the writ of error *coram nobis,* we are of the opinion that the motion was applicable in the original action in the case at bar.

It is contended by counsel for appellants that no error of fact was committed by the clerk of the superior court in putting the original action on the calendar of Judge McKinley. We think that the contention is correct. The clerk acted under the general order of June 5, 1918, directing him to prepare "a calendar of all common-law cases stricken from the present calendar, continued generally, and passed on notice prior to June 1, 1918." There is nothing in the record, however, as far as we are able to discover, which shows whether the clerk put the case on Judge McKinley's calendar because it was stricken off of Judge Fitch's calendar on April 12, 1918, or because it was continued generally by Judge Fitch on June 5, 1918. Counsel for appellants contend that the limitation of time of "June 1, 1918" did not apply to cases stricken from the calendar and continued generally, but only to cases "passed on notice," and that as the original action had been continued generally by Judge Fitch, it properly came within the class of cases to be put on Judge McKinley's calendar by the clerk under the order of June 5, 1918. Counsel for appellants further contend that as the original action was stricken

off of Judge Fitch's calendar on April 12, 1918, that the case was within the terms of the general order of June 5, 1918, regardless of the question as to how the limitation of June 1, 1918, may be construed.

We doubt whether counsel for appellants' construction of the phrase "June 1, 1918," is correct, but irrespective of that question we do not think that the clerk committed an error of fact in putting the case on Judge McKinley's calendar. When the case was stricken off of Judge Fitch's calendar on April 12, 1918, the clerk assumed that it came within the general order of June 5, 1918. It was reinstated by Judge Fitch, it is true, but no order was entered of record reinstating it, and the clerk, in our opinion, in determining the status of the case was only under the duty of examining the orders of record in the case. We think that this view is in accordance with a fair interpretation of the general order of June 5, 1918, relating to the preparation of the calendar of cases by the clerk to be called by Judge McKinley. The clerk could not reasonably have been required to ascertain that the case had been reinstated by Judge Fitch without any order of record reinstating it. We are not to be understood, however, as expressing the opinion that the case was not properly reinstated by Judge Fitch because there was no order of record reinstating it. We merely hold that the clerk of the superior court is not to be charged with committing an error, or failing to perform his duty because he did not have knowledge of the fact that the case was reinstated without an order of record. The case of *Madden v. City of Chicago,* 283 Ill. 165, cited by counsel for appellee, as an authority that the clerk in the case at bar committed an error of fact in putting the case on Judge McKinley's calendar, is not in point. In the case of *Madden v. City of Chicago, supra,* the error of fact arose by reason of the failure of the minute clerk, on the "first call" of a trial calendar, to mark a case

for trial which the attorney had requested to be so marked when it should be called. The court held that it was the duty of the minute clerk, under a rule of court, to indicate the desire of each attorney as expressed on the "first call."

Counsel for appellants further contend that the original action being properly on Judge McKinley's calendar, and improperly on Judge Fitch's calendar, there was no error of fact unknown to Judge McKinley which, if known to him, would have precluded him from dismissing the case. The error of fact, which is subject to correction on the motion provided for in section 89 of the Practice Act, must relate to a fact unknown to the court and which, if known, would, as a matter of law, preclude the rendition of a judgment. *Cramer v. Illinois Commercial Men's Ass'n,* 260 Ill. 516, 522; *Chapman v. North American Life Ins. Co.,* 292 Ill. 179, 185.

On June 17, 1918, the original action of trespass on the case appeared on both Judge McKinley's calendar and on Judge Fitch's calendar. On that date both counsel for appellants and counsel for appellee attended the call of the case before Judge Fitch, but no action was taken in the case by Judge Fitch. On the call of the case before Judge McKinley neither counsel for appellants nor counsel for appellee attended, and the case was dismissed by Judge McKinley for want of prosecution.

Counsel for appellants contend that the case was not properly on Judge Fitch's calendar, for the reason that no order of record had been entered by Judge Fitch reinstating it; that "judicial acts are evidenced only by orders of record, and orders of a court of record not entered of record are extra-judicial and void."

We are of the opinion that the reinstatement of the case by Judge Fitch was not a judicial act, and that no order of record was necessary. It must be borne in mind that the case had been regularly assigned to

the calendar of Judge Fitch when the calendars of the judges were prepared in the fall of 1917, and that the case was placed on Judge McKinley's calendar by the clerk of the superior court under the authority of a general order intended to clear the docket of cases that apparently had been abandoned. It certainly was not the object of the general order to work any injustice to litigants, but the only purpose of the order was to expedite the trial of cases. When Judge Fitch reinstated the case on his calendar he was not performing a judicial act, but a ministerial act. He was merely putting the case back on his calendar in order that a judicial act might be exercised in connection with the case. His act was no more a judicial act than was the act of the clerk and judge when together they made up the calendars for the judges in the fall of 1917. The calendars are made up by the clerk and judge acting together (*Staunton Coal Co. v. Menk,* 197 Ill. 369, 373, 374), and this is clearly a ministerial act. "The statute provides that the clerk shall keep a docket of all the cases. * * * It also authorizes the clerk to set and apportion the cases for as many days of the term as he may think necessary, or may be directed by the judge to do." *Staunton Coal Co. v. Menk, supra.* "The acts done out of court, in bringing parties into court, are, as a general proposition, ministerial acts; those done by the court in session, in adjudicating between parties, or upon the rights of one in court *ex parte,* are judicial acts." *Flournoy v. City of Jeffersonville,* 17 Ind. 169, 173. A judicial act has been defined as "An act performed by a court, touching the rights of the parties, or property, brought before it by voluntary appearance or by the prior action of ministerial officers." Anderson's Law Dictionary, p. 578.

In *Matthews v. Houghton,* 11 Me. 377, the court said (p. 381): "A magistrate does not act judicially in making up and completing his record. In doing

this he performs himself what this court does by the agency of their clerk. It is a mere ministerial act.''

In *Johnston v. People,* 31 Ill. 469, the court said (pp. 472, 473): ''Generally, judicial acts cannot be performed on Sunday. Yet, verdicts of juries have been received on that day and held valid.  *  *  *  We do not consider the act of entering into a recognizance to be such a judicial act as to render its execution void because it was entered on Sunday. It has none of the elements of a judicial proceeding except that it is taken and acknowledged before a judicial officer, and is not, therefore, void by common law.''

In *Madden v. City of Chicago, supra,* in which a case was stricken from the docket by the judge on the ''first call,'' the court held that there ''was not a judicial determination'' since it was the duty of the minute clerk under a rule of court ''to indicate merely the desire of each attorney as expressed, and the court, in making the order, merely followed the minute record made by the clerk.''

We are clearly of the opinion that in reinstating the original action of trespass on the case, Judge Fitch was not performing a judicial act, and therefore no order of record was necessary. It was entirely proper for him to direct his minute clerk orally to put the case back on the trial call. He could do this on his own motion or on the motion of the parties. In our opinion it is immaterial whether he reinstated the case at the request of appellee or whether he did it on his own motion. His act in either event was not judicial. The case was properly on Judge Fitch's calendar and improperly on Judge McKinley's calendar. The mistake by which it got on Judge McKinley's calendar was made by reason of the failure of Judge Fitch's minute clerk to enter of record the order of Judge Fitch reinstating the case. If the order of reinstatement had been entered of record the case would never have been put on Judge McKinley's calendar, for the

clerk of the superior court would then have had notice that the case was still on Judge Fitch's calendar. Although the order was not essential to the validity of the reinstatement of the case, the absence of it caused the confusion in regard to the case. Appellee should not be made to suffer because by mistake the calendars were made up in such a manner that the case appeared on two calendars on the same day. We are of the opinion that if Judge McKinley had known the facts in regard to the status of the case on Judge Fitch's calendar, he would, as a matter of law, have been precluded from dismissing the case.

Counsel for appellants contend that the error of fact was not unknown to Judge McKinley as he is presumed to have had the entire record of the case before him. The error of fact was not one appearing on the face of the record and the presumption that Judge McKinley knew it from the record cannot be indulged.

It is further maintained by counsel for appellants that appellee by contending that the case was not properly on Judge McKinley's calendar seeks to contradict the record "with reference to the finding of the very judgment sought to be reversed." Counsel argues as follows: "The judgment order sought to be reversed recites that the case was called for trial, and this was a finding that the case was then subject to trial, which means that Judge McKinley found that the case had properly been placed on a special calendar." Counsel reach their conclusion only by inference. The judgment order of Judge McKinley does not find in terms that "the case had properly been placed on a special calendar"; and we do not agree with counsel that the recital in the order that the case was "called for trial" justifies the inference "that Judge McKinley found that the case had properly been placed on a special calendar."

Counsel for appellants contend that appellee was negligent in not attending the call of the case before

Judge McKinley.  The record shows that neither party attended that call.  Appellee's failure to attend that call does not indicate that he was neglecting or abandoning his case, as he attended the call before Judge Fitch.  "We must take judicial notice that a number of courts of original jurisdiction are held in the City of Chicago in as many different rooms, and as they may all be in session at the same time, much difficulty may be experienced by counsel having business in the various courts."  *Hearson v. Graudine,* 87 Ill. 115, 117.  We are of the opinion that appellee was not guilty of negligence.

It is further contended by counsel for appellants that appellee was negligent in not making his motion under section 89 until nearly three years after the dismissal of the case by Judge McKinley, and that he was guilty of laches and unreasonable delay.  Counsel cite authorities which announce the rule that diligence is required in motions generally to set aside judgments, and argue that the rule should apply by analogy to the present motion in the nature of a writ of error *coram nobis.*  In none of the authorities cited by counsel, however, do we find that it has been held that the five years allowed by section 89 within which to file the motion may be abridged by reason of laches or by delay in filing the motion.  We presume that if the legislature had intended that the time might be shortened by laches or by delay the statute would have contained a provision to that effect.  The statute is not ambiguous in its meaning and requires no construction.  It states plainly that the motion may be "made at any time within five years after the rendition of final judgment in the case."  Appellee is within the time, and we know of no rule or reason why the time prescribed in the statute should be curtailed.

Appellee explains his delay in making the present motion by stating that when he found within a month after the fall of 1918 that the original action had been

dismissed by Judge McKinley, he mistook his remedy and began a new action. A new action, however, could not be brought, as the case was one of an alleged wrongful death, and the time had expired, the original action having been begun in 1915. "The essence of laches is not merely lapse of time. It is essential there be also acquiescence in the alleged wrong or lack of diligence in seeking a remedy.   *   *   *   Nor does failure, long continued, to discover the appropriate remedy, though well known, establish laches where there has been due diligence." *Southern Pac. Co. v. Bogert,* 250 U. S. 483, 488, 489, 490. We do not think that the facts show acquiescence on the part of appellee in the alleged wrong or lack of diligence in seeking a remedy.

Counsel for appellants assign as error that the motion of appellee in the case at bar is insufficient for the following reasons: (1) That "no allegation whatever is made that plaintiff had a meritorious cause of action in the original action." (2) That "no facts are alleged setting forth freedom from negligence on the part of the plaintiff." (3) That "the motion makes no showing whatever that this case was improperly called and dismissed by Judge McKinley." (4) That "no error of fact on the part of anyone is disclosed by the amended motion."

The filing of the motion by appellee was the commencement of a new suit, and the motion stands in place of a declaration. *Smyth v. Fargo,* 307 Ill. 300, 304. Appellants demurred to the motion, and the demurrer was overruled. Appellants then filed a plea to the motion. By thus pleading appellants waived all objections to the sufficiency of the motion except the objection that the motion is so defective that it will not sustain the judgment. *Pittsburgh, C., C. & St. L. Ry. Co. v. Robson,* 204 Ill. 254, 265. If the motion does not state a cause of action it may be objected to on appeal on that ground even though the demurrer

was overruled and the plea was filed to the merits. *Gillman v. Chicago Rys. Co.,* 268 Ill. 305, 310. Appellants moved in arrest of judgment, but appellants could not again urge on that motion that the declaration was obnoxious to the demurrer. *Chicago, R. I. & P. Ry. Co. v. People,* 217 Ill. 165, 172. As the question of the sufficiency of the motion of appellee is not presented to this court by way of demurrer, all legitimate and reasonable presumptions and intendments will be indulged in support of the motion. *N. K. Fairbank Co. v. Bahre,* 213 Ill. 636, 638; *O'Rourke v. Sproul,* 241 Ill. 576, 579, 580; *Wagner v. Chicago, R. I. & P. Ry. Co.,* 277 Ill. 114, 119.

In regard to the first contention of counsel, we are of the opinion that it is not necessary for the motion to allege that appellee has a meritorious cause of action. The question of the merits of the original action is immaterial and is not involved in the present proceeding. Allegations which show that an error of fact has been committed are essential. The fact that appellee may have had a meritorious cause of action would not constitute an error of fact which would justify the motion. If appellee had alleged in his motion that he had a meritorious cause of action the allegation would have been superfluous and immaterial in the case of *Chapman v. North American Life Ins. Co., supra,* appellant contended (p. 188) that the affidavits in support of its motion in the nature of a writ of error *coram nobis* showed that it had "a complete defense to appellee's action that it was prevented from making." The court said "that may be conceded," but that such an allegation does not amount to "any error of fact of which appellant can avail itself under this motion."

We are of the opinion that the other objections urged by counsel for appellants as to the sufficiency of the allegations in the motion are not well taken. In this connection it should be stated that a stipula-

tion of facts was entered into by the parties in the present case. The legal effect of the stipulation of facts was to incorporate into the pleadings all of the facts agreed upon; and any fact stipulated upon, although not contained in the motion, was by the legal effect of the stipulation incorporated into the motion in proper form as one of the allegations. *Kurtz v. Graybill,* 192 Ill. 445, 450; *Tarrant v. Burch,* 102 Ill. App. 393, 396.

It is further contended by counsel for appellants that the trial court erred in admitting incompetent evidence. The evidence complained of is the oral testimony given in behalf of appellee explaining how the original action was reinstated by Judge Fitch on the motion of appellee, and the evidence relating to the action taken by Judge Fitch after June 17, 1918. Counsel state in their brief that "manifestly the decision" of the trial court "was based on this incompetent evidence." We have not considered the evidence in question at all in reaching our conclusions. In our opinion Judge Fitch could have reinstated the case on his own motion and no written order of record of the reinstatement was necessary. It was not essential for appellee to make the motion for reinstatement, and the evidence in that respect is immaterial. Proof that the case was actually reinstated is all that was necessary and that proof was made and is not disputed. In our view of the case it was not necessary to consider the evidence relating to the action taken by Judge Fitch after June 17, 1918.

The final objection of counsel for appellants is that appellee did not file a replication to appellants' plea. Appellee filed a demurrer to appellants' plea. The demurrer was overruled but no replication was filed. Counsel for appellants maintain that in this situation of the pleadings appellee must be regarded as "standing by his demurrer," and that appellants are entitled to judgment. A complete answer to the objection is

that the parties proceeded to trial without the formal joinder of issue. Most of the facts were agreed on by oral stipulations in open court, and on the issues which remained in dispute appellee offered testimony. The agreement of facts was entered into voluntarily by the parties on the suggestion of the trial court. The following colloquy took place between the court and counsel:

"THE COURT: Aside from the pleadings, let us get the facts. All facts may be proven as though properly pleaded. Let us get an agreement here on the facts.

"COUNSEL FOR APPELLEE: Agreement on what, your Honor?

"THE COURT: All facts may be proven as though they were sufficiently pleaded.

"COUNSEL FOR APPELLANTS: That is agreeable to me.

"THE COURT: Just show what the facts are, so when the case goes up you will have no trouble about pleadings or anything of that kind; let the upper courts decide that from the facts.

"COUNSEL FOR APPELLANTS: Do you want the stipulation?

"THE COURT: You may make that stipulation in open court if you want to. All facts may be proven as though properly pleaded. What do you say to that? Now, then, gentlemen, what do you say to the stipulation, is that all right?

"COUNSEL FOR APPELLANTS: That is agreeable to me, that all competent facts may be proven as though they were properly pleaded."

In view of this state of the record we are of the opinion that appellants have waived the right to object that because of appellee's failure to file a replication the issues were not joined. The rule is well established that if the parties proceed to trial without joinder of issue the omission is waived. *Guerin v. Guerin*, 270 Ill. 239; *Piot v. Davis*, 241 Ill. 434; *Smith*

*v. Bellrose*, 200 Ill. App. 368. In *Guerin v. Guerin, supra,* the court said (p. 244): "By their active participation in the trial of the cause and until its conclusion, we are of opinion the appellants waived their right to file replications or to afterwards insist the cause was not at issue."

For the reasons stated in the opinion the order of the trial court granting appellee's motion in the nature of a writ of error *coram nobis* is affirmed.

*Affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.